**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED APRIL 2, 2002**

WILLIAM C. KITCHEN,
KITCHEN FARMS, INC.,
a Michigan corporation,
and KITCHEN FARMS,
a Michigan copartnership,

    Plaintiffs-Appellants,

v                                   No. 116459

ROBERT W. KITCHEN and
HARRIET ANN KITCHEN,

    Defendants-Appellees.

_____

BEFORE THE ENTIRE BENCH

KELLY, J.

In this case, we are called upon to resolve whether an oral license for the use of real property can become irrevocable by estoppel alone. We hold that under Michigan law it cannot.

The central issue here is whether the principle of estoppel applies to prevent defendants from revoking an alleged license they granted to plaintiffs for use of their property. Plaintiffs contend that (1) the principal defendant promised plaintiffs that part of an irrigation system would be allowed to travel across defendants' property in perpetuity, and (2) plaintiffs relied on that promise.

The trial court granted summary disposition for defendants and awarded sanctions of approximately $70,000 against plaintiffs for filing a frivolous supplemental complaint. The Court of Appeals concluded that an irrevocable license could not be based on an oral promise alone. It upheld the sanctions against plaintiffs. We affirm the Court of Appeals conclusion that an irrevocable license was not created, but reverse the award of sanctions.

I

Most of the relevant facts in this case are not in dispute. Brothers William and Robert Kitchen, a plaintiff and defendant respectively, lived in Antrim County and were equal owners of Kitchen Farms, one of the largest potato farming businesses in Michigan. Robert owns and resides on a parcel of property situated on the east side of the Kitchen farm. His property is bordered on the north, west, and south by the Kitchen farm, and his home is located on the south side of his parcel.

While the brothers were owners of Kitchen Farms, they farmed the northern section of Robert's parcel. An arm of an irrigation system crossed that property.

In 1995, a dispute arose between William and Robert, resulting in William filing a complaint for dissolution of the business.[1] Thereafter, William and Robert entered into a written agreement to conduct a private auction at which the higher bidder would acquire the other's interest in Kitchen Farms. William, as high bidder, purchased Robert's interest. The agreement did not address the farming of Robert's land or the irrigation system.

After the buyout, Robert decided that he did not wish Kitchen Farms to use his land and prevented it from planting crops and using the irrigation system there. As a consequence, plaintiffs William and Kitchen Farms filed the supplemental complaint that is at issue in this case.

In pertinent part, it asserted that Robert's oral promise gave rise to an irrevocable license by estoppel for the use of the land in question. Specifically, it alleged that Robert orally represented in 1981 that the irrigation system could cross his land in perpetuity.[2] The supplemental complaint

---

[1]The complaint named Robert and his wife, Harriet Kitchen, as defendants. Harriet had served as a Director of Kitchen Farms since 1981.

[2]It is undisputed that there was no written document in
(continued...)

3

sought declaratory and injunctive relief allowing Kitchen Farms to continue planting crops on the property and making use of the irrigation system.[3]

Eventually, plaintiffs decided to seek a dismissal without prejudice. Defendants opposed the motion, requesting a dismissal with prejudice, and asking that plaintiffs be sanctioned for filing a frivolous lawsuit. The trial court granted summary disposition for defendants and imposed sanctions against plaintiffs, concluding that their supplemental complaint was frivolous because it had no basis in fact or law.

The Court of Appeals affirmed, concluding that Michigan law does not recognize a right to enforce an oral license once the grantor has acted to revoke it. It found no error in the trial court's imposition of sanctions.[4] Plaintiffs now appeal to this Court.

II

We conclude that plaintiffs' claim for an irrevocable

---

[2](...continued)
which Robert made such a promise.

[3]Because the irrigation arm operates on an arc, Robert's decision to prevent the arm from traversing his property apparently precluded irrigation of thirty-three acres of the adjacent Kitchen Farms farmland.

[4]239 Mich App 190; 607 NW2d 425 (1999). The Court of Appeals had previously reached an issue unrelated to this appeal in 231 Mich 15; 585 NW2d 47 (1998).

4

license based simply on an alleged oral promise[5] must fail because it is barred by Michigan's statute of frauds, which provides:

> No estate or interest in lands, other than leases for a term not exceeding 1 year, nor any trust or power over or concerning lands, or in any manner relating thereto, shall hereafter be created, granted, assigned, surrendered or declared, unless by act or operation of law, or by a deed or conveyance in writing, subscribed by the party creating, granting, surrendering or declaring the same, or by some person thereunto by him lawfully authorized by writing. [MCL 566.106.]

Plaintiffs claim they have a permanent and irrevocable license for the use of a portion of defendants' land. Such an irrevocable license would constitute an "interest in lands" that cannot be granted orally in compliance with the statute of frauds, as it would involve a permanent right to use the property.

Under the statute of frauds, Robert could have granted plaintiffs the claimed interest only through "a deed or conveyance in writing." Thus, the statute of frauds bars plaintiffs' claim for an interest in defendants' land based on an oral promise and reliance by plaintiffs. We hold that an "irrevocable license" by estoppel cannot be created in Michigan on the basis of an oral promise because recognizing

---

[5] For purposes of resolving this case, we assume without deciding, as did the trial court in granting defendant's motion for summary disposition, that Robert actually made the alleged oral promise.

such a conveyance would violate the statute of frauds.

Our analysis is consistent with existing Michigan case law. By definition, a license is "a permission to do some act or series of acts on the land of the licensor without having any permanent interest in it . . . ." *Sweeney v Hillsdale Co Bd of Road Comm'rs*, 293 Mich 624, 630; 292 NW 506 (1940), quoting *Morrill v Mackman*, 24 Mich 279, 282 (1872). In general, a license is revocable at will and is automatically revoked upon transfer of title by either the licensor or licensee. *Forge v Smith*, 458 Mich 198, 210; 580 NW2d 876 (1998); *Sallan Jewelry Co v Bird*, 240 Mich 346, 348; 215 NW 349 (1927).

Oral and written licenses, which are terminable at will by the grantor, are valid. See *McCastle v Scanlon*, 337 Mich 122, 133; 59 NW2d 114 (1953). The reason is that these licenses, because of their revocability, do not create an interest in land. Hence, the statute of frauds is inapplicable:

> "Where nothing beyond a mere license is
> contemplated, and no interest in the land is
> proposed to be created, the statute of frauds has
> no application, and the observance of no formality
> is important." [*Id.* at 133.]

By contrast, Michigan law generally requires that the grant of a permanent interest in land be in writing to be enforceable. *Id.* at 128.

Indeed, the fact that the interest is permanent brings it

within the statute of frauds. Accordingly, this Court has distinguished between licenses and easements, utilizing the statute of frauds rationale as follows :

> A license grants permission to be on the land of the licensor without granting any permanent interest in the realty. While easements constitute an interest in real estate, licenses do not. Because they are not considered interests in land, licenses do not have to comply with the requirements of the statute of frauds. [*Forge*, *supra* at 210.]

Michigan case law makes clear the justification for excluding licenses from the requirements of the statute of frauds: because they are revocable at will, they do not constitute an interest in the pertinent land. By contrast, the "irrevocable license" claimed by plaintiffs would not be revocable at will. Thus, it would not constitute a "license" falling outside the scope of the statute of frauds.

Our case law indicates that an interest in land cannot be established on the basis of estoppel, as plaintiffs seek to do. See *Penfold v Warner,* 96 Mich 179, 180; 55 NW 680 (1893). We stated in *Huyck v Bailey,* 100 Mich 223, 226; 58 NW 1002 (1894):

> [T]he statute of frauds prevents the passing of title to realty by parol, and this cannot be done any more under the guise of an estoppel, in the absence of fraud, and when the estoppel consists only of an implied assent, than by showing a direct parol contract.

As these cases reflect, the statute of frauds precludes an oral promise from forming the basis of a claim to an

7

interest in real property, even when estoppel is alleged. As has been observed, no writing exists in this case to support plaintiffs' contention that they have more than a mere revocable license to use defendants' land. Accordingly, plaintiffs' argument must fail.

We note that plaintiffs rely heavily on 5 Restatement Property, § 519(4). It provides that a licensee who makes expenditures in reliance on representations about the license's duration may continue to use the license to realize the value of the expenditures. As plaintiffs admit, that Restatement provision is based on the doctrine of estoppel. Because Michigan does not permit an interest in land to transfer only on the basis of estoppel, it follows that § 519(4) is inconsistent with Michigan law.[6]

We reaffirm that a license may be granted orally, but hold that the oral license is necessarily revocable at the will of the licensor without regard for any promised duration. Neither a written "license" that evidences a promised duration nor the oral conveyance of an intended permanent interest in land is an "irrevocable license." Instead, the grantor of

---

[6]Plaintiffs rely on numerous Michigan cases for the proposition that an irrevocable license is recognized by Michigan law. Those cases are easily distinguished from the instant case and do not lend support to plaintiffs' position. Each involves either a license coupled with an interest in land or a written agreement sufficient to satisfy the statute of frauds.

such an intended interest, in effect, orally conveys an *easement.*[7] Although one can grant an express, irrevocable easement, it must be evidenced by a writing manifesting a clear intent to create an interest in the land. *Forge*, *supra*, at 205. As that did not occur here, defendants were free to revoke the oral license.

                              III

Turning to the issue of sanctions, we reverse the Court of Appeals decision upholding sanctions against plaintiffs.

A trial court's finding that an action is frivolous is reviewed for clear error. *In re Attorney Fees & Costs*, 233 Mich App 694, 701; 593 NW2d 589 (1999). A decision is clearly erroneous where, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made. *Id.*

Whether a claim is frivolous within the meaning of MCR 2.114(F) and MCL 600.2591 depends on the facts of the case. MCL 600.2591(3) defines "frivolous" as follows:

        (a) "Frivolous" means that at least 1 of the

---

[7]Because plaintiffs do not claim that their interest in defendants' property constitutes an "easement by prescription," we need not address whether such an interest could have been established under these facts. See *Outhwaite v Foote*, 240 Mich 327, 331-332; 215 NW 331 (1927); *Plymouth Canton Community Crier v Prose*, 242 Mich App 676, 684-685; 619 NW2d 725 (2000). We note that, in any event, the use did not continue for the fifteen-year period generally considered necessary to establish an easement by prescription. See *id.* at 679; MCL 600.5801(4).

following conditions is met:

>    (i) The party's primary purpose in initiating the action or asserting the defense was to harass, embarrass, or injure the prevailing party.

>    (ii) The party had no reasonable basis to believe that the facts underlying that party's legal position were in fact true.

>    (iii) The party's legal position was devoid of arguable legal merit.

The trial court concluded that plaintiffs were subject to sanctions pursuant to MCR 2.114 for filing the supplemental complaint, which it found ungrounded in law or fact.

The issue whether plaintiffs should be subject to sanctions is much closer than the Court of Appeals made it appear. Although plaintiffs' claim for an irrevocable license must ultimately fail, plaintiffs presented a sufficient argument grounded in law and fact to avoid a finding of frivolity. The mere fact that plaintiffs did not ultimately prevail does not render the supplemental complaint frivolous.

While our decision today is based on the statute of frauds and our prior case law, it was not easily resolved. There has been no authority in Michigan that clearly and unequivocally addresses whether an oral license can become irrevocable by estoppel. We now firmly establish that it cannot.

Plaintiffs point out accurately that there is support for their position in authorities from other jurisdictions and in

10

the Restatement of Property. 5 Restatement Property, § 519(4). In addition, the pertinent principles of real property law are complex. For example, considerable analysis is needed to determine why a classic license is not an interest in land subject to the statute of frauds and why the rationale for that principle should not extend to a claimed "irrevocable license." Not every error in legal analysis constitutes a frivolous position. Moreover, merely because this Court concludes that a legal position asserted by a party should be rejected does not mean that the party was acting frivolously in advocating its position.

We recognize that plaintiffs' argument before this Court is more refined than that made before the trial court.[8] Nonetheless, we conclude that plaintiffs' initial allegations and legal argument were sufficient to avoid sanctions for a frivolous lawsuit. Thus, the circuit court clearly erred in its award of sanctions predicated on finding the suit frivolous.

IV

In conclusion, we hold that Michigan law does not permit

---

[8]There, plaintiffs claimed: (1) there was a prescriptive easement over the north part of defendants' property; (2) there was a perpetual noncancelable license to use the north part of defendants' property; (3) on the basis of plaintiffs' detrimental reliance on Robert's promise of perpetual use, defendants were estopped from barring plaintiffs' use of the north part of defendants' property.

an oral license to ripen into a permanent interest in the use of land on the basis of estoppel alone. Accordingly, in order to constitute a permanent interest, plaintiffs' alleged license would have to have been conveyed through a deed or conveyance in compliance with the statute of frauds. Because the claimed interest is based merely on an alleged oral promise, we affirm the Court of Appeals decision upholding summary disposition for defendants.

However, because plaintiffs advanced a claim sufficiently grounded in law and fact, we reverse the award of sanctions.

CORRIGAN, C.J., and CAVANAGH, WEAVER, TAYLOR, YOUNG, and MARKMAN, JJ., concurred with KELLY, J.

12