# STATE OF MICHIGAN

# COURT OF APPEALS

STEPHANIE KATHLEEN KAEB,

　　　　　　Plaintiff-Appellee,

v

DARIN LEE KAEB,

　　　　　　Defendant-Appellant.

FOR PUBLICATION
March 12, 2015

No. 319574
Ottawa Circuit Court
LC No. 09-066151-DM

Before: M. J. KELLY, P.J., and MURPHY and HOEKSTRA, JJ.

MURPHY, J. (*dissenting in part, concurring in part*).

I would affirm the trial court's order awarding attorney fees to plaintiff associated with the costs incurred in responding to defendant's motion to modify the conditions placed on him relative to his exercise of parenting time. Accordingly, I respectfully disagree with the majority's holding on this issue. I do agree with the majority that, assuming the issue need be reached, there is no valid basis to remand the case to another trial judge.

I shall begin by making the assumption that the majority correctly states that, under MCL 722.27(1)(c), "a party requesting a change to an existing condition on the exercise of parenting time must demonstrate proper cause or a change in circumstances that would justify a trial court's determination that the condition in its current form no longer serves the child's best interests." Additionally, I agree with the majority's recitation of the factual history of this case, its reliance on MCR 2.114(D)(2) and (E), its discussion of the principles applicable to an analysis under MCR 2.114, and the majority's enunciation of the standards of review.

At the hearing on May 31, 2013, which was an evidentiary hearing and concerned multiple motions, defendant's continued attendance at AA meetings and counseling with Dr. Ellens were two of the primary subjects of testimony in connection with whether defendant should be granted additional parenting time. Defendant argued that he had been faithfully going to counseling with Dr. Ellens and to AA meetings; therefore, his parenting time should be expanded. Although not to the full extent requested by defendant, the trial court indeed expanded his parenting time, conditioned on regular attendance at counseling sessions and at AA meetings. About three months later, at the conclusion of the hearing on defendant's motion to modify the conditions, the trial court ruled, in part, as follows:

> [A]fter a hearing held on May 31 of this year, an order was entered based
> on the Court's ruling on June 20, that said that Mr. Kaeb was required to continue

his counseling with Doctor Ellens, and he was required to continue his attendance at AA.

It appears that within days of that order being entered, Mr. Kaeb requested and obtained from Doctor Ellens, a letter stating that he apparently doesn't need any further counseling, and in fact hasn't had any since the entry of that order. The – the referral to Doctor Makedonsky was apparently for the purpose of establishing, at Mr. Kaeb's request, that he doesn't need AA counseling – or doesn't need to attend AA. And there's a lot of testimony here about the differences between an alcohol abuser and an alcoholic. And frankly, the differences between the two appear[] to the Court to be irrelevant as it pertains to the safety of the children. Someone who's abusing alcohol and drives them – with them in their car is just as much at risk of – of injuring or killing the children as an alcoholic who drinks and gets in a car and drives the children. So frankly, the proper diagnosis of Mr. Kaeb's condition isn't all that helpful to the Court.

What's helpful to the Court is an analysis of his behavior and how we're going to prevent that kind of behavior in the future. Mr. Kaeb is insistent on deciding for himself all of these issues, as is evidenced by the fact that he's never presented any proof of attendance at AA, in spite of being ordered to attend, and he requested and obtained a discharge letter from his counselor just days after being ordered to continue counseling.

The Court, in considering a motion to modify a parenting time order, which is what this request is, is required to determine whether there's been a material change in circumstances or other proper cause sufficient to justify a modification . . . . There is no evidence here that there's been any change in circumstances since May 31, and certainly since June 20 when the current order was entered, and no argument that there's been any change in circumstances, only an argument that the Court was incorrect in ordering . . . continued counseling and AA attendance in the first place. So the . . . motion appears to be without legal basis, and therefore, frivolous. I'm going to order that Mr. Kaeb pay all of plaintiff's attorney's fees in responding to this motion and attending this hearing.

It is clear from the record that following the evidentiary hearing on May 31, 2013, defendant almost immediately defied the court's ruling regarding required attendance at counseling and AA meetings and instead sought support for his view that he was not in need of counseling or help through AA, even though defendant's parenting time had just been expanded because of prior and expected continued attendance at counseling and AA meetings. If defendant was not in need of counseling and AA at that point, he certainly was not in need of counseling and AA shortly beforehand on May 31st when the hearing was conducted. There was no miraculous change of circumstances, and defendant failed to present the evidence at the May 31st hearing upon which he later relied, even though this evidence clearly could have been procured and submitted on May 31st. When the trial court spoke of defendant's motion being frivolous and absent a legal basis, the court was recognizing that nothing had changed since May 31, 2013, and that defendant was essentially seeking reconsideration of the decision to continue parenting time conditions. I conclude that there was no change of circumstances, MCL

-2-

722.27(1)(c), only a change in defendant's litigation strategy once he obtained expanded parenting time predicated on continued counseling and AA attendance. This was not a situation in which the conditions "no longer served" the children's best interests, as if there were sudden developments after May 31, 2013, based on previously unavailable evidence showing that defendant's alcoholism or alcohol abuse had come under control to the extent that counseling and AA were no longer necessary. Under these circumstances, I am also of the view that there was no "*proper* cause" to revisit the parenting time conditions. MCL 722.27(1)(c) (emphasis added).

Accordingly, defendant's motion to modify the conditions was not truly "well grounded in fact," nor "warranted by existing law," MCR 2.114(D)(2); therefore, the imposition of attorney-fee sanctions under MCR 2.114(E) was appropriate. The trial court did not clearly err in finding defendant's motion frivolous. See *Kitchen v Kitchen*, 465 Mich 654, 661; 641 NW2d 245 (2002). I also note that the trial court's decision to dispense with the conditions in no way negated or undermined its determination that defendant's motion was frivolous; rather, the court simply decided on its own to take a different approach given defendant's reticence about complying with the conditions. It is my position that we should affirm the trial court's award of attorney fees to plaintiff. Finally, I agree with the majority regarding defendant's request to have the case assigned to a different trial judge.

I respectfully dissent in part and concur in part.

.

/s/ William B. Murphy