*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RAYMOND G. JACKMAN,

Plaintiff-Appellee,

v

RMD HOLDINGS LTD d/b/a NATIONWIDE
FENCE & SUPPLY COMPANY,

Defendant-Appellant.

UNPUBLISHED
August 20, 2019

No. 345002
Lapeer Circuit Court
LC No. 17-050863-CL

Before: SHAPIRO, P.J., and GLEICHER and SWARTZLE, JJ.

PER CURIAM.

Following a series of orders that dismissed Raymond Jackman's various claims, RMD Holdings LTD unsuccessfully sought sanctions against Jackman for filing a frivolous and unfounded action. The circuit court observed the proceedings first-hand and determined that Jackman did not file suit for any improper purpose and that at the time he filed his complaint, Jackman had a reasonable basis to believe that discovery would support his claims. Given the high level of deference afforded the lower court in this matter, we affirm.

## I. BACKGROUND

RMD is a fencing company that does large commercial and government jobs around the country. Jackman worked for RMD for over 30 years, spending his last decade as a project manager. In that role, Jackman prepared bids for new jobs and managed the day-to-day finances on his projects. Jackman earned bonuses based on his project margins, which were calculated not only on finished projects but also works in progress. Jackman became disgruntled and believed that RMD manipulated when it charged costs to his project accounts to avoid paying bonuses. Jackman also opined that RMD improperly forced project managers to use a labor subcontractor owned by an insider and charged above-market prices for this service.

Jackman quit his employment and filed a complaint with the Michigan Department of Licensing and Regulatory Affairs, Wage and Hour Division for unpaid sick and vacation days. That complaint was dismissed and Jackman did not pursue his administrative appellate remedies. Instead, Jackman filed suit against RMD, seeking statutorily due unpaid sick and vacation time,

contending that RMD wrongfully docked his pay, and claiming entitlement to unpaid bonuses for several work years. The circuit court summarily dismissed Jackman's statutory claims for failure to exhaust his administrative remedies. In a second summary disposition order, the court dismissed Jackman's claims for bonuses related to regularly conducted projects during his employ based on evidence that the cited amounts were actually paid. The only issue then remaining was Jackman's right to bonuses for two extraordinary projects governed by a special incentive program. When discovery failed to uncover evidence of creative accounting, the court summarily dismissed that claim as well.

This litigation was highly contentious and the attorneys battled hard. They accused each other of strong-arm tactics and wrongdoing and filed cross-motions for sanctions and attorney fees. Relevant to this appeal, RMD accused Jackman and his attorney, James Toth, of filing a frivolous lawsuit with no reasonable basis to believe that any facts supported their claims. RMD noted that a full year of discovery had uncovered no support for Jackman's ever-evolving allegations. RMD further contended that Toth had mischaracterized the conduct of its attorney, Rogue Tyson, throughout the proceedings to garner court sympathy. The court ultimately denied the request for sanctions, stating "In this particular matter, the Court granted Defendant RMD Holdings' motion for summary disposition in an opinion that the Court issued back on June 21, 2018, which hasn't been challenged or overturned." The court concluded:

> In this particular matter[,] the Court has considered this matter for a long time, and the Court determines that [Jackman's] claims in this matter were not frivolous. The main intent was not to harass [RMD] in this matter. The Court determines that the case was hard fought, that the Court made some evidentiary rulings which may be the basis of the eventual granting of summary disposition, but the Court determines that when pleadings were signed and filed, they were signed properly by counsel on behalf of his client.

## II. ANALYSIS

RMD now challenges the circuit court's denial of its sanctions motion.

> A trial court's findings regarding whether a claim or defense was frivolous and whether sanctions may be imposed are reviewed for clear error. A finding of the trial court is clearly erroneous when, although there is evidence to support it, this Court is left with a definite and firm conviction that a mistake was made. [*DC Mex Holdings LLC v Affordable Land LLC*, 320 Mich App 528, 546; 907 NW2d 611 (2017) (cleaned up).[1]]

---

[1] This opinion uses the new parenthetical (cleaned up) to improve readability without altering the substance of the quotation. The parenthetical indicates that nonsubstantive clutter such as brackets, alterations, internal quotation marks, and unimportant citations have been omitted from the quotation. See Metzler, Cleaning Up Quotations, 18 J App Pract & Process 143 (2017).

"Clear error signifies a decision that strikes us as more than just maybe or probably wrong." *In re Williams*, 286 Mich App 253, 271; 779 NW2d 286 (2009). This is a highly deferential standard—" 'To be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week old, unrefrigerated dead fish.' " *People v Cheatham*, 453 Mich 1, 30 n 23; 551 NW2d 355 (1996), quoting *Parts & Electric Motors, Inc v Sterling Electric, Inc*, 866 F2d 228, 233 (CA 7, 1988).

The circuit court denied RMD's motion for sanctions on July 30, 2018. At that time, such motions were governed by MCR 2.114 as follows:

(D) Effect of Signature. The signature of an attorney or party, whether or not the party is represented by an attorney, constitutes a certification by the signer that

(1) he or she has read the document;

(2) to the best of his or her knowledge, information, and belief formed after reasonable inquiry, the document is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and

(3) the document is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

(E) Sanctions for Violation. If a document is signed in violation of this rule, the court, on the motion of a party or on its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including reasonable attorney fees. The court may not assess punitive damages.

(F) Sanctions for Frivolous Claims and Defenses. In addition to sanctions under this rule, a party pleading a frivolous claim or defense is subject to costs as provided in MCR 2.625(A)(2). The court may not assess punitive damages.[2]

MCR 2.625(A)(2) provides, "In an action filed on or after October 1, 1986, if the court finds on motion of a party that an action or defense was frivolous, costs shall be awarded as provided by MCL 600.2591." MCL 600.2591 in turn provides:

(1) Upon motion of any party, if a court finds that a civil action or defense to a civil action was frivolous, the court that conducts the civil action shall award to the prevailing party the costs and fees incurred by that party in connection with

---

[2] MCR 2.114 was repealed effective September 1, 2018, and these provisions were moved to MCR 1.109(E)(5)-(7).

the civil action by assessing the costs and fees against the nonprevailing party and their attorney.

(2) The amount of costs and fees awarded under this section shall include all reasonable costs actually incurred by the prevailing party and any costs allowed by law or by court rule, including court costs and reasonable attorney fees.

(3) As used in this section:

> (a) "Frivolous" means that at least 1 of the following conditions is met:
>
>> (*i*) The party's primary purpose in initiating the action or asserting the defense was to harass, embarrass, or injure the prevailing party.
>>
>> (*ii*) The party had no reasonable basis to believe that the facts underlying that party's legal position were in fact true.
>>
>> (*iii*) The party's legal position was devoid of arguable legal merit.
>
> (b) "Prevailing party" means a party who wins on the entire record.

As described by this Court, "To determine whether sanctions are appropriate under MCL 600.2591, it is necessary to evaluate the claims or defenses at issue at the time they were made, and the factual determination by the trial court depends on the particular facts and circumstances of the claim involved." *DC Mex Holdings*, 320 Mich App at 548 (cleaned up). "The mere fact that [a] plaintiff[] did not ultimately prevail does not render [his or her pleading] frivolous." *Kitchen v Kitchen*, 465 Mich 654, 662; 641 NW2d 245 (2002).

Keeping in mind the highly deferential standard of review applicable in this case, RMD has not established entitlement to appellate relief. When a party and his attorney sign a complaint, they make certain "certification[s]" under MCR 2.114(D), now MCR 1.109(E)(5). The party and his counsel certify that they have made a "reasonable inquiry" before forming a belief that the complaint is factually and legally supported. MCR 2.114(D)(2), now MCR 1.109(E)(5)(b). Jackman had worked at RMD for over 30 years and was well aware of its operations. Even so, he discussed the matter with former company co-owner, Michael Demil, and former project manager, Rick Porter, before filing suit. He later submitted affidavits from Demil and Porter summarizing their conversations. From these conversations and his preexisting knowledge, Jackman had a reasonable basis to believe that discovery would provide evidence to support his bonuses claim.

MCR 2.114(D)(3), now MCR 1.109(E)(5)(c), provides that an attorney and party certify that the complaint was not filed "for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Sanctions for filing the statutory claims would be overly harsh. Based on RMD's first motion for summary disposition filed in lieu of an answer, the circuit court swiftly summarily dismissed those claims due to Jackman's failure to exhaust his administrative remedies. As to the remainder of the claims, there is no record evidence that Jackman filed them for any improper purpose. The circuit court observed the witnesses first-hand and was in the best position to judge their intentions. "[Q]uestions of

-4-

credibility and intent are properly resolved by the trier of fact," and we defer to the lower court's findings in this regard. *Triple E Produce Corp v Mastronardi Produce, Inc*, 209 Mich App 165, 174; 530 NW2d 772 (1995), citing MCR 2.613(C). Nothing in this record suggests that the circuit court clearly erred.

MCR 2.114(F), now MCR 1.109(E)(7), also permits sanctions when a claim is frivolous. MCL 600.2591(3) defines a "frivolous" action consistent with MCR 2.114(D). As noted, the circuit court rejected that Jackman's and Toth's "primary purpose in initiating the action . . . was to harass, embarrass, or injure" RMD. MCL 600.2591(3)(a)(*i*). Again, we defer to the lower court's superior ability to assess Jackman's and Toth's intentions. Also as already noted, Jackman and Toth had a "reasonable basis to believe that the facts underlying [Jackman's] legal position were in fact true." MCL 600.2591(3)(a)(*ii*). Jackman did not lay out all his cards immediately, but later stated that he believed RMD had "fudged" the cost numbers on his projects to avoid paying bonuses (or more money in bonuses). And Jackman formulated his beliefs based on his years of service for RMD and his discussions with Porter and Demil. Discovery did not uncover the evidence Jackman sought, but that did not render his action frivolous. RMD contended that Jackman's claims for unpaid sick and vacation time were "devoid of arguable legal merit" because he and Toth were aware that Jackman had not exhausted his administrative remedies before filing suit. MCL 600.2591(3)(a)(*iii*). Again, given the quick resolution of that issue, the trial court did not abuse its discretion by finding that sanctions were unwarranted.

We affirm.


/s/ Douglas B. Shapiro
/s/ Elizabeth L. Gleicher
/s/ Brock A. Swartzle