*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ALISSA M PETERSON,

        Plaintiff-Appellant,

v

URIAH Z PETERSON SR,

        Defendant-Appellee.

UNPUBLISHED
January 16, 2026
8:43 AM

No. 373619
Jackson Circuit Court
LC No. 2024-002543-CZ

Before: SWARTZLE, P.J., and GARRETT and WALLACE, JJ.

PER CURIAM.

Plaintiff sued defendant, plaintiff's ex-husband and the father of her children, for attorney fees, child support, unpaid rent, medical expenses, and various other costs. The trial court granted defendant's motion for summary disposition and awarded attorney fees to defendant. We affirm.

## I. BACKGROUND

Plaintiff filed this action in pro per, without an attorney. In her complaint, she alleged that she was falsely arrested after suffering from domestic assault and personal injury by defendant in 2014, which resulted in three fractured teeth and medical expenses. She then alleged that she was the sole provider of her and defendant's three minor children from 2014 onwards. Then, in 2019, defendant filed for divorce. For relief sought here, plaintiff requested $4,386 in legal and attorney fees from the divorce, $8,172 in child support for the period from 2014 to 2019, $51,427 for eight years of unpaid rent from 2006 to 2014, and $471 in medical expenses for injuries sustained during the domestic assault. She also requested punitive damages, pain and suffering, emotional damages, loss of employment, and a myriad of other costs.

Defendant moved for summary disposition in lieu of filing an answer under MCR 2.116(C)(7), (C)(8), and (C)(10). Defendant argued that the parties in 2019 resolved all their claims in a consent judgment in their divorce case. Then, in 2021, plaintiff's parental rights to her three children were terminated. She then appealed that decision to this Court and the Court affirmed the termination. Two years later, plaintiff filed a lawsuit against defendant in state court related to her terminated parental right. The case was dismissed shortly after it was filed. Plaintiff then filed a federal lawsuit against defendant, which was also dismissed. Around the same time,

-1-

plaintiff allegedly filed various documents in the divorce case, and the trial court entered an order dismissing any and all objections, motions, and pleadings filed by plaintiff, prohibiting her from any further filings in the case as she lacked standing, and indicated that if she violated the prohibition on future filings related to her minor children, plaintiff would be sanctioned.

Defendant argued in his motion that plaintiff had already raised the issues in her complaint in the previous cases, all those filings were dismissed, and plaintiff was prohibited from further filings in those cases. Defendant argued that plaintiff was improperly attempting to relitigate issues that were already litigated in the previous lawsuits. Further, he argued that plaintiff "filed this new action as an improper attempt to circumvent the [trial court's] prohibitions" on further filings from plaintiff in the previous cases.

Defendant moved for summary disposition because plaintiff's filing was "unintelligible," plaintiff failed to state a claim for which relief may be granted, and the claims were barred by statute of limitations, res judicata, and collateral estoppel. Defendant argued that plaintiff's claims for unpaid rent belonged to a third party and were barred by the statute of limitation, her claims for personal injury were barred by the statute of limitations, and that she claimed damages from other court proceedings. Defendant requested sanctions for frivolous filings under MCR 2.625(A) and MCL 600.2591, arguing that plaintiff's serial filings were "nothing more than harassment."

Plaintiff filed a "Response to Motion for Summary Disposition and Motion for Recusal." Plaintiff requested recusal of the presiding judge due to potential bias and conflict of interest. She then argued in the motion that in a different case involving her, the trial court judge threatened her with sanctions for her "lack of perfection with law," threatened sanctions if she filed again without a retained attorney, limited her oral argument and told her to "shut up," and told her that she would receive a written order in the mail, but she never received one.

At the hearing on the motion for summary disposition and attorney fees, the trial court asked defendant whether "everything raised to the extent it's intelligible in this complaint, [was] intertwined with previous claims that have been dismissed," which defendant responded affirmatively and stated that plaintiff seemed to feel wronged from the proceedings regarding the divorce and her children. Defendant told the trial court that plaintiff had not been sanctioned before, other than prohibitions against refiling, and that he was uncertain if she would be able to pay sanctions.

The trial court found that plaintiff's filing violated MCR 1.109(E) because her "signature constitutes that, to the best of your knowledge, information, and belief, after reasonable inquiry, the document is well-grounded in fact that is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, none of which, frankly, are satisfied by what [plaintiff] filed." The trial court found that the purpose of plaintiff's filing was to harass the defendant, the issues were resolved in previous cases, and plaintiff's continued filings were a violation of MCR 1.109(E). The trial court granted the motion for summary disposition, awarded attorney fees, and dismissed the case with prejudice. Plaintiff now appeals.

II. ANALYSIS

On appeal, plaintiff first argues that the trial court erred in denying her right to file a claim, i.e., that the trial court erred in granting summary disposition. The Court reviews de novo a trial court's grant of summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). The trial court did not specifically announce which subsection of MCR 2.116(C) that the case was being dismissed, but defendant moved for summary disposition under MCR 2.116(C)(7), (C)(8), and (C)(10).

Summary disposition was appropriate under MCR 2.116(C)(8) because plaintiff failed to state a claim for which relief could be granted. A complaint is a pleading in which each allegation needs to be "clear, concise, and direct." MCR 2.110(A)(1); MCR 2.111(A)(1). Here, plaintiff's allegations and claims were far from clear, concise, or direct. Even on appeal, it is unclear what plaintiff's claims against defendant are. Plaintiff's arguments pertaining to how the trial court erred in granting summary disposition are also unclear. Plaintiff failed to offer information or authority to support the issue which results in abandonment of the issue on appeal. See *Hughes v Almena Twp*, 284 Mich App 50, 71-72; 771 NW2d 453 (2009). "A party may not simply announce a position and leave it to this Court to make the party's arguments and search for authority to support the party's position." *Seifeddine v Jaber*, 327 Mich App 514, 519; 934 NW2d 64 (2019). Not only did plaintiff not make an argument or provide authority, she did not even announce a position clear enough for the Court to make or find such arguments for her. The trial court did not err in granting summary disposition.

Plaintiff also argues that the trial court erred by sanctioning plaintiff, specifically in awarding defendant's attorney fees. We review for clear error the trial court's decision to impose sanctions on the ground that an action was frivolous within the meaning of MCR 2.625(A)(2) and MCL 600.2591. *Ladd v Motor City Plastics Co*, 303 Mich App 83, 103; 842 NW2d 388 (2013). "A decision is clearly erroneous where, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made." *Kitchen v Kitchen*, 465 Mich 654, 661-662; 641 NW2d 245 (2002).

MCL 600.2591 provides that upon motion of any party, "if a court finds that a civil action or defense to a civil action was frivolous, the court that conducts the civil action shall award to the prevailing party the costs and fees incurred by that party in connection with the civil action by assessing the costs and fees against the nonprevailing party." The amount includes all reasonable costs actually incurred including court costs and reasonable attorney fees. MCL 600.2591(2). "Frivolous" for purposes of MCL 600.2591, means that at least one of the following conditions was met:

> (i) The party's primary purpose in initiating the action or asserting the defense was to harass, embarrass, or injure the prevailing party.
>
> (ii) The party had no reasonable basis to believe that the facts underlying that party's legal position were in fact true.
>
> (iii) The party's legal position was devoid of arguable legal merit. [MCL 600.2591(3)(a).]

The trial court found that plaintiff's action was frivolous because the purpose of the filing was to harass defendant. It also found that plaintiff violated MCR 1.109(E), which requires a

document such as a complaint to be well founded in facts and warranted by law. The trial court did not clearly err when coming to these conclusions. From plaintiff's complaint, her response to defendant's motion for summary disposition, her oral argument at the hearing on the summary disposition motion, and her brief on appeal, it is unclear what plaintiff intended to accomplish or gain from her filing with the trial court. Although on appeal plaintiff argues that she was acting in good faith in her filing, the record supports the trial court's finding to the contrary. Therefore, it was not clear error for the trial court to find that plaintiff intended to harass defendant with the filing and that such filing was frivolous. The trial court's award of sanctions under MCL 600.2591 and MCR 2.625 was not clear error.

Next, plaintiff argues that "defendant [was] hiding from the proceeding and has a prolonged bitter campaign against plaintiff." In her brief, plaintiff provides no logical or clear argument of what plaintiff means by "defendant hiding" or a "bitter campaign" such that this is an issue to review. Plaintiff failed to offer information or authority to support the issue, which results in abandonment of the issue on appeal. *Hughes v Almena Twp*, 284 Mich App at 71-72. Therefore, this issue will not be addressed further.

Finally, plaintiff argues that the trial court judge erred when he did not recuse himself from the case and that the Court should remand the case to the Circuit Court Administrator. Given that we are affirming the trial court and not remanding any part of plaintiff's case, we need not reach the question of judicial disqualification. In any event, plaintiff did not state with particularity the grounds on which she sought disqualification, MCR 2.003(D)(2); MCR 2.119(A)(1)(b), nor did she provide this Court with an adequate record from the prior proceedings on which to perform appellate review. Based on the materials before this Court, we discern no abuse of discretion by the trial court on the question of disqualification. *In re MKK*, 286 Mich App 546, 565; 781 NW2d 132 (2009).

## III. CONCLUSION

Because plaintiff's claims and arguments in the trial court and on appeal failed to show that she stated claims for which the trial court could grant relief, the trial court did not err in granting summary disposition. The trial court also did not clearly err when awarding sanctions.

Affirmed.

/s/ Brock A. Swartzle
/s/ Kristina Robinson Garrett
/s/ Randy J. Wallace

-4-