KEINZ v KEINZ

Docket No. 292781. Submitted September 14, 2010, at Detroit. Decided September 16, 2010, at 9:00 a.m.

Diane M. Keinz obtained a divorce from Kenneth C. Keinz in the St. Clair Circuit Court in 2005 and was granted child support. In 2008, plaintiff moved to increase defendant's child support obligation. At the initial hearing on the motion, defendant stated that his usual biweekly gross income was $1,594.56. However, because of voluntary overtime, defendant's actual earnings were nearly double that amount. On the basis of the parties' assertions at the hearing, the referee recommended a slight decrease in defendant's monthly child support payments. Plaintiff objected, but the court, James P. Adair, J., adopted the referee's recommendation. Plaintiff moved to set aside the order. The court granted the motion and referred the case to the Friend of the Court, which made a new recommendation, in light of the parties' actual incomes, to increase defendant's child support payments. Plaintiff moved for entry of an order consistent with that recommendation and for sanctions. The parties ultimately settled the support issue, but plaintiff continued to request that the court sanction defendant for initially misrepresenting his income. Defendant contended that he had not reported his voluntary overtime because he had reduced expectations of similar overtime income in the future. The court denied plaintiff's request for sanctions, concluding that defendant had not intentionally misled the referee. Plaintiff appealed.

The Court of Appeals *held*:

1. Under MCL 600.2591(1), a court may award attorney fees and costs to a prevailing party as sanctions if an action or defense was frivolous. Because the parties' settlement resulted in a higher child support award, plaintiff won on the entire record and, thus, was the prevailing party as defined in MCL 600.2591(3)(b).

2. In light of defendant's admission that he had already earned $40,000 by the time of the initial hearing in July 2008 and that he ultimately earned $81,808.32 that year, defendant had no reasonable basis to believe that the biweekly gross income he reported to the referee, which would have totaled only $41,458.56 annually, was true. Thus, his initial opposition to the motion to increase

child support was frivolous under MCL 600.2591(3)(a)(*ii*), and the circuit court abused its discretion by denying plaintiff's motion for sanctions.

Reversed and remanded.

COSTS — ATTORNEY FEES — SANCTIONS — PREVAILING PARTIES — DIVORCE — CHILD SUPPORT — SETTLEMENTS.

A court may award attorney fees and costs to a prevailing party as sanctions if an action or defense was frivolous; a party who moved for higher child support payments and received higher child support payments as the result of a settlement is a prevailing party (MCL 600.2591[1]).

*Lorrie J. Zahodnic, P.C.* (by *Lorrie J. Zahodnic*), for plaintiff.

*Samuel J. Behringer, Jr.*, for defendant.

Before: WILDER, P.J., and CAVANAGH and M. J. KELLY, JJ.

WILDER, P.J. Plaintiff appeals as of right the circuit court's order denying her motion to shift her attorney fees and costs to defendant. We reverse and remand. This appeal has been decided without oral argument pursuant to MCR 7.214(E).

The parties' 2005 divorce judgment granted plaintiff primary physical custody of the parties' two minor children and required defendant to pay child support in the amount of $682.88 a month for two children and $449.51 a month for one child "until Defendant returns to his employment from Disability," after which the obligation would be $785.27 a month for two children and $516.67 a month for one child.

In 2008, plaintiff moved to increase defendant's support obligations. At the hearing in July 2008, both parties proceeded without assistance of counsel. Defendant stated that his biweekly gross income was

$1,594.56 (which would generate an annual income of $41,458.56) and produced a letter from his employer that mirrored his representations. Defendant explained that his gross income was based on his "usual[]" work schedule of 36 hours in one week and 48 hours the next week at his hourly pay rate of $17.84. After inquiring about plaintiff's income and the parties' sundry expenses, the referee recommended that defendant's general care assessment be $734 a month for the two children and $481 a month for one child.

Plaintiff filed objections on the grounds that the referee did not ask defendant what his income was in 2007 and that defendant had not provided his W-2 Form for that year. Nonetheless, the referee's recommendation was adopted in a court order. Plaintiff moved to set aside that order. The circuit court granted the motion and reserved the question of attorney fees. The matter was referred to the Friend of the Court for the purpose of calculating child support for two minor children in accordance with the true incomes of the parties.

A new recommendation followed, this time for support in the amount of $1,090 a month for two children and $709 a month for one child. Plaintiff moved for entry of an order consistent with that recommendation and for sanctions.

The parties appeared for an evidentiary hearing and settled the support issue. Plaintiff's attorney reported that in addition to agreements concerning health-care expenses, "[t]he parties have come to agreement regarding the Uniform Child Support Order by modifying it retroactive to April 29th, 2008 wherein [defendant] will pay to [plaintiff] child support for two children in the amount of $1,175, and for one child the amount of $800." The hearing continued on the issue of sanctions. Plaintiff argued that defendant had misrepresented his

income at the initial hearing on the motion to increase his support obligations, thereby requiring numerous court appearances that would have otherwise been unnecessary.

Defendant admitted that, by the time of the first hearing in July 2008, at which he reported a biweekly gross income that would have totaled $41,458.56 for the year, he had already earned $40,000 and that he ultimately earned $81,808.32 in 2008. Defendant's attorney averred that defendant excluded voluntary overtime when reporting his usual work schedule because he had reduced expectations of similar future income as a result of the economy and a health condition that caused a doctor to recommend that he work 60 hours a week or less. Defendant's attorney also averred that expenses from the divorce had made it difficult for defendant to get back on his feet.

At the conclusion, the circuit court held as follows:

> [T]here was not an intentional or deliberate act or motive on the part of the Defendant which could . . . give rise to a consideration that is lack of or intended . . . misleading information to the Friend of the Court, particularly in reviewing the transcript of the Friend of the Court hearing on July 7th, 2008, which would cause the Court to conclude that . . . there should be leveled . . . the reimbursement of an attorney fees or costs in this case and, therefore the request by the Plaintiff for . . . attorney fees and/or cost[s] is denied.

On appeal, plaintiff argues that she is entitled to costs and attorney fees on the grounds that she was the prevailing party and that defendant caused unnecessary court appearances and delayed resolution of the case by maintaining positions with no reasonable basis in law or fact.

This Court reviews a trial court's ruling on a motion for costs and attorney fees for an abuse of discretion. *Klinke v Mitsubishi Motors Corp*, 219 Mich App 500, 518; 556 NW2d 528 (1996); *In re Condemnation of Private Prop for Hwy Purposes*, 221 Mich App 136, 139-140; 561 NW2d 459 (1997). An abuse of discretion occurs when the decision results in an outcome falling outside the range of principled outcomes. *Radeljak v DaimlerChrysler Corp*, 475 Mich 598, 603; 719 NW2d 40 (2006). A trial court's findings of fact, such as whether a party's position was frivolous, may not be set aside unless they are clearly erroneous. MCR 2.613(C); see *Kitchen v Kitchen*, 465 Mich 654, 661; 641 NW2d 245 (2002).

"Awards of costs and attorney fees are recoverable only where specifically authorized by a statute, a court rule, or a recognized exception." *Phinney v Perlmutter*, 222 Mich App 513, 560; 564 NW2d 532 (1997). MCL 600.2591(1) grants a court the authority to award sanctions in the form of attorney fees and costs to a prevailing party if an action or defense is deemed "frivolous." For an action or defense to be considered "frivolous," at least one of the following conditions must be met:

> (*i*) The party's primary purpose in initiating the action . . . was to harass, embarrass, or injure the prevailing party.
>
> (*ii*) The party had no reasonable basis to believe that the facts underlying that party's legal position were in fact true.
>
> (*iii*) The party's legal position was devoid of arguable legal merit. [MCL 600.2591(3)(a).]

Plaintiff first argues that she was a "prevailing party" for purposes of MCL 600.2591(1). The circuit court did not resolve this question, instead concluding

that the defense was not frivolous. Nevertheless, according to MCL 600.2591(3)(b), a "prevailing party" is "a party who wins on the entire record." Because the parties' settlement resulted in a higher support award, we agree with plaintiff that she was the prevailing party on her motion.

Defendant relies on MRE 408 to argue that consideration of the parties' settlement should be precluded. MRE 408 provides:

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. . . . This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

Because the settlement is not offered to prove defendant's liability for the amount of child support to which the parties agreed, but is offered to prove whether plaintiff is a prevailing party, we reject defendant's argument.[1]

Plaintiff next argues that defendant deceived the referee by offering evidence that his biweekly gross income was $1,594.56 when he knew that he actually earned more, thereby requiring additional proceedings,

---

[1] We also note that trial courts possess the inherent authority to sanction litigants and their attorneys. "This power is not governed so much by rule or statute, but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Maldonado v Ford Motor Co*, 476 Mich 372, 376; 719 NW2d 809 (2006).

including those on the motion to set aside the order resulting from the referee's recommendation, and delaying resolution of the matter. We agree. In light of defendant's admission that he had already earned $40,000 by the time of the July 2008 hearing and that he ultimately earned $81,808.32 in 2008, defendant had no reasonable basis to believe that the biweekly gross income he reported to the referee, which would have totaled $41,458.56 annually, was true. Consequently, we agree with plaintiff that defendant's initial opposition to the motion to increase child support was frivolous.

Defendant explains that his self-serving omission of evidence regarding his voluntary overtime was made in light of an anticipated loss of that overtime in the future. Defendant then correctly argues that a trial court has discretion to deviate from the child support formula when application of the formula would be unjust or inappropriate. See MCL 552.605(2). However, even if the anticipated loss of overtime would have made application of the formula using his actual income in July 2008 unjust, defendant had no reasonable basis to believe that the biweekly gross income he reported to the referee was true. Moreover, it would have been in the referee's discretion, not defendant's, to recommend a deviation from the formula after child support was calculated using accurate facts.

Because plaintiff was the prevailing party and defendant asserted a frivolous defense, we conclude that the circuit court abused its discretion by denying plaintiff's motion for attorney fees and costs pursuant to MCL 600.2591(1). We reverse and remand to the circuit court for further proceedings consistent with this opinion. We do not retain jurisdiction. As the prevailing party, plaintiff may tax costs pursuant to MCR 7.219.