# STATE OF MICHIGAN

# COURT OF APPEALS

JOHN BRITTON GORDON,

        Plaintiff/Counter-Defendant-
        Appellee,

v

CLAIRE SCHROM GORDON,

        Defendant/Counter-Plaintiff-
        Appellant.

UNPUBLISHED
May 7, 2015

No.   319062
Wayne Circuit Court
LC No.   09-114308-DM

Before:  M. J. KELLY, P.J., and WILDER and K. F. KELLY, JJ.

PER CURIAM.

In this domestic relations dispute, defendant, Claire Schrom Gordon, appeals by right the trial court's order denying her request for attorney fees and ordering her to pay $1,425 in attorney fees to plaintiff, John Britton Gordon.  For the reasons more fully explained below, we affirm in part, reverse in part, and remand for further proceedings.

## I.  BASIC FACTS

The trial court entered a judgment of divorce in January 2011.  In the judgment, the trial court awarded the parties joint legal and physical custody of their four children, and ordered John Gordon to pay child support and spousal support, which included healthcare benefits.  The trial court amended the judgment in April 2011 to require John Gordon to disclose his income from all sources to Claire Gordon and provide her with annual copies of his income tax returns.

In January 2012, the trial court entered an order exempting the case from oversight by the friend of the court; the order specified that the friend of the court would "not be involved in the enforcement, investigation, or accounting functions for custody, parenting time, or support in this case."  But referees from the friend of the court conducted hearings in June and November 2012 regarding several postjudgment matters raised by the parties.  Other postjudgment matters were decided by the court without referral.

-1-

On March 8, 2013, the trial court granted John Gordon's motion for attorney fees in the amount of $8,699, as sanctions against Claire Gordon for filing frivolous motions. In December 2013, this Court denied Claire Gordon's delayed application for leave to appeal that order "for lack of merit in the grounds asserted."[1] She also applied for leave to appeal the trial court's May 2013 order in which the court addressed Claire Gordon's objections to two proposed uniform child support orders submitted by John Gordon under MCR 2.603(B)(3), and resolved her motion for increased child support. However, this Court denied that application as well.[2]

Claire Gordon now appeals the trial court's order of October 3, 2013, as amended on October 23, 2013. In that order, the trial court ordered her to pay an additional $1,425 in attorney fees to John Gordon and denied her request for attorney fees.

## II. JURISDICTION

A party may appeal by right a postjudgment order awarding or denying attorney fees and costs. See MCR 7.202(6)(a)(iv); MCR 7.203(A)(1). The appeal must be filed within 21 days after entry of the judgment or order, MCR 7.204(A)(1)(a), or within an additional period as allowed by MCR 7.204(A)(1)(b). Because Claire Gordon filed this appeal within 21 days after entry of the October 23, 2013 amended order, and that order was entered within 21 days of the original order, we reject John Gordon's argument that this appeal is untimely. Nonetheless, because the only portion of the amended order that is appealable by right is the portion addressing the award of attorney fees and denying Claire Gordon's request for attorney fees, MCR 7.202(6)(a)(iv), and because an appeal from such an order is limited to the portion of the order for which there is an appeal as of right, MCR 7.203(A)(1), we will limit our review to the trial court's decisions to grant or deny attorney fees.

## III. SANCTIONS

### A. STANDARDS OF REVIEW

Attorney fees and costs are recoverable in an action only where specifically authorized by statute, court rule, or a recognized exception. *Keinz v Keinz*, 290 Mich App 137, 141; 799 NW2d 576 (2010). When a court has discretion to award attorney fees, we review the trial court's exercise of discretion to determine whether its decision falls outside the range of principled outcomes. *Id.* We review a trial court's factual findings, such as whether a party's position was frivolous, for clear error. *Id.* To the extent that review involves the interpretation of a court rule or statute, our review is de novo. *Holton v Ward*, 303 Mich App 718, 734 n 20; 847 NW2d 1 (2014). To the extent that Claire Gordon argues that she was denied due process,

---

[1] *Gordon v Gordon*, unpublished order of the Court of Appeals, entered December 20, 2013 (Docket No. 318496).

[2] *Gordon v Gordon*, unpublished order of the Court of Appeals, entered December 20, 2013 (Docket No. 316398).

we review this constitutional issue de novo. *Elba Twp v Gratiot Co Drain Comm'r*, 493 Mich 265, 277; 831 NW2d 204 (2013).

## B. ANALYSIS

We first address the trial court's decision to order Claire Gordon to pay attorney fees of $1,425 to John Gordon as a sanction for filing frivolous objections to the referee's recommendations of July 2013. MCR 3.215 and MCL 552.507 govern the authority of a referee from the friend of the court to hear a matter in a domestic relations action. A party may obtain a judicial hearing "on any matter that has been the subject of a referee hearing and that resulted in a statement of findings and a recommended order by filing a written objection . . . ." MCR 3.215(E)(4). Similarly, MCL 552.507(4) provides that "[t]he court shall hold a de novo hearing on any matter that has been subject of a referee hearing, upon the written request of either party or upon motion of the court."

It is clear from the referee's recommendation that it declined to address Claire Gordon's objections to an earlier referee's recommendation that had been mailed to the parties in May 2013, because the matter had already been decided by the trial court when it determined the income figures to be used to determine child support and ultimately entered uniform child support orders on the basis of those findings. The referee determined that it was unclear why the other referee purported to act under a January 2013 court order to recalculate child support, given that the order did not direct the friend of the court to do so and the case was exempt from friend of the court oversight. The referee also recognized that neither the friend of the court nor a referee has authority to set aside a prior court order; as such, the referee noted that Claire Gordon would have to seek relief from the court in an appropriate motion under MCR 2.612(C). For those reasons, the referee rejected Claire Gordon's objections and denied her request to recalculate child support as decided by the trial court in May 2013.

In her objections to the referee's July 2013 recommendation, Claire Gordon claimed that the referee inaccurately summarized the case history. She argued that the trial court's child support order of May 2013 should have been based on John Gordon's 2012 income, and that the friend of the court has the independent authority to modify child support. Examining the record as a whole, we conclude the trial court did not clearly err when it found that these objections were frivolous.

Claire Gordon's reliance on MCL 552.517(1)(f) is misplaced because, even if we were to assume that the January 2012 order exempting the case from oversight by the friend of the court did not preclude the friend of the court from initiating an investigation, the friend of the court's May 2013 recommendation, on its face, relied on the trial court's January 18, 2013 order as the basis for its investigation. Thus, there is no support for Claire Gordon's argument that the friend of the court was attempting to comply with an order of December 2012. And to the extent that she argues that the referee had a duty under MCL 552.517(1) to make a recommendation regarding child support, that argument is unavailing because the referee's duties are governed by MCL 552.507 and MCR 3.215, not MCL 552.517(1).

We are also not persuaded that the referee's use of the phrase "res judicata" in its recommendation of July 2013 establishes that the trial court clearly erred in finding Claire Gordon's objections to be frivolous. The doctrine of res judicata is not applicable to a postjudgment motion seeking to retroactively apply a child support recommendation, but support orders cannot be retroactively applied to increase or decrease support. See *Harvey v Harvey*, 237 Mich App 432, 437, 439; 603 NW2d 302 (1999). In general, "[r]etroactive modification of a support payment due under a support order is permissible with respect to a period in which there is pending a petition for modification, but only from the date that notice of the petition was given to the payer or recipient of support." MCL 552.603(2).[3]

Regardless of whether the referee correctly referred to "res judicata," Claire Gordon has failed to establish that it was objectionable for the referee to refuse to make a child support recommendation that would contravene the trial court's prior orders or to recommend that Claire Gordon seek relief directly from the trial court. Indeed, we note that Claire Gordon ultimately relied on the court rule recommended by the referee in her objections. Therefore, the trial court did not clearly err when it found that Claire Gordon's attempt to seek relief from the uniform child support orders through objections to the referee's recommendation, rather than a motion under MCR 2.612, was frivolous.

Claire Gordon also argues that the trial court erred in ordering sanctions under MCL 600.2591 because John Gordon did not prevail on all issues. MCL 600.2591(3)(b) does not require a party to prevail on all issues, but only "on the entire record." Regardless, the statute is not dispositive of the sanctions ordered in this case because the trial court determined that sanctions were also warranted under MCR 3.206(C)(2)(b) and under the common-law exception for fees incurred as a result of the other's unreasonable conduct.[4] Further, the trial court's decision to award attorney fees based on Claire Gordon's frivolous objections to the referee's recommendations falls squarely within MCR 3.215(F)(3), which authorizes an award of reasonable costs and attorney fees "[i]f the court determines that an objection is frivolous[.] "This Court will affirm where the trial court came to the right result even if for the wrong reason." *Fisher v Blankenship*, 286 Mich App 54, 70; 777 NW2d 469 (2009). On this record, we have no basis for disturbing the trial court's decision to order sanctions.

We also reject Claire Gordon's argument that the trial court erred in failing to conduct an evidentiary hearing regarding attorney fees. An evidentiary hearing is unnecessary if the trial court has sufficient evidence to determine the amount of attorney fees and costs. *John J Fannon Co v Fannon Prods, LLC*, 269 Mich App 162, 171; 712 NW2d 731 (2005). To warrant an evidentiary hearing, a factual dispute must exist regarding the reasonableness of the hours billed or hourly rate claimed by the fee applicant. *Smith v Khouri*, 481 Mich 519, 532; 751 NW2d 472 (2008). Claire Gordon did not specifically challenge the reasonableness of the hourly rate

---

[3] MCL 552.603b provides an exception to this rule.

[4] Under the common-law exception, an award of attorney fees is permitted where the party requesting the fees was forced to incur them as a result of the other party's unreasonable conduct. See *Reed v Reed*, 265 Mich App 131, 164-165; 693 NW2d 825 (2005).

claimed or any of the three items listed in the detailed billing statement submitted by John Gordon's lawyer in support of the motion for attorney fees.

In addition, contrary to Claire Gordon's argument on appeal, the trial court made a specific finding at the October 3, 2013 hearing that the attorney fees requested by John Gordon were reasonable. However, the most significant of the three items in the billing statement was $875 for work described as including a motion to compel compliance with an award of attorney fees. The trial court had previously ordered sanctions of $8,699 on March 8, 2013. But because the trial court did not award attorney fees related to the motion to compel on October 3, 2013, but only work expended by John Gordon's lawyer in responding to Claire Gordon's objections to the referee's recommendation, we cannot conclude that the trial court's decision to award the requested attorney fees in the total amount of $1,425 is within the range of principled outcomes. *Keinz*, 290 Mich App at 141. Consequently, we remand for reconsideration and determination of a reasonable attorney fee consistent with the approach discussed in *Smith*, 481 Mich at 530-532.

We also reject Claire Gordon's argument that she was deprived of due process; there is no evidence that the procedure followed in this case failed to comport with due process. *Reed*, 265 Mich App at 159-160. To the extent she argues that she was deprived of an impartial decision-maker, Claire Gordon has failed to overcome the heavy presumption of judicial impartiality. *Cain v Dep't of Corrections*, 451 Mich 470, 496-497; 548 NW2d 210 (1996); *Eldred v Ziny*, 246 Mich App 142, 152; 631 NW2d 748 (2001).

Claire Gordon also challenges the trial court's decision to deny her request for attorney fees. Although she has not established any basis for an award of sanctions against John Gordon, we conclude that further proceedings are warranted with respect to Claire Gordon's request for attorney fees under MCR 3.206(C)(2)(a). A trial court may order a party to a domestic relations action to pay the other party's attorney fees and expenses under that rule when the requesting party establishes that he or she is unable to bear the expense and the other party is able to pay. MCR 3.206(C)(2); *Woodington v Shokoohi*, 288 Mich App 352, 370; 792 NW2d 63 (2010). The particular factual circumstances of the case govern whether a party has the ability to pay. *Myland v Myland*, 290 Mich App 691, 703; 804 NW2d 124 (2010).

The record reflects that Claire Gordon made multiple requests for attorney fees during the postjudgment proceedings, including a request that was denied by the first successor judge at a hearing on October 5, 2012, because she had access to funds other than child support or spousal support. Before the October 3, 2013 hearing, Claire Gordon sought attorney fees on several grounds. She requested attorney fees under MCR 3.216(C)(2)(a) and (b) in her objections to the referee's recommendation of July 2013. In August 2013, she again requested attorney fees under this court rule in a motion for increased child and spousal support. She also argued that attorney fees were warranted because John Gordon engaged in unreasonable conduct and made frivolous claims under MCL 600.2591.

At the October 3, 2013 hearing, the trial court initially denied Claire Gordon's request for attorney fees in connection with her objections. Later, after the trial court determined that it would hold a hearing to address Claire Gordon's motion to modify spousal support, it denied another request for attorney fees that were part of her motion, stating, "Your claims are outrageous. Your requests are meritless." Although the trial court did not address each basis for

-5-

her request for attorney fees sought, considering Claire Gordon's failure to substantiate any of her objections to the referee's recommendation, the court did not err when it denied her motion for attorney fees. The trial court's decision regarding Claire Gordon's request for attorney fees in her motion to modify support is problematic because it is unclear whether the court found the entire request for attorney fees to be outrageous and meritless and, if so, the basis for that decision. Nonetheless, we reject Claire Gordon's claim that she established a basis for sanctions under MCR 3.206(C)(2)(b), or the common-law exception for unreasonable conduct, *Reed*, 265 Mich App at 164-165, or the standards for a frivolous action or defense under MCL 600.2591. Therefore, further proceedings regarding these claims are not warranted.

However, because we are unable to conclude whether the trial court gave special consideration to the financial situations of the parties and the equities involved in determining whether an award would be appropriate under MCR 3.206(C)(2)(a) for that portion of Claire Gordon's motion to modify support that she substantiated enough to warrant further proceedings, we remand this case to the trial court for application of the correct standard in determining whether to award attorney fees and costs under MCR 3.206(C)(2)(a). The trial court may also consider appellate attorney fees with respect to the substantiated portion of Claire Gordon's claim. *Myland*, 290 Mich App at 703.

Lastly, we reject Claire Gordon's argument that she was deprived of due process with regard to this issue. The trial court's use of the word "outrageous" does not establish that she was deprived of an impartial decision-maker, especially considering the ambiguity in the record regarding which conduct the trial court considered to be outrageous. The remark was within the bounds of what imperfect men and women sometimes display. *Cain*, 451 Mich at 497 n 30.

## IV. OTHER ISSUES

Claire Gordon also raises several additional issues that are beyond the scope of this appeal, which, as previously indicated, is limited to the trial court's decisions regarding attorney fees and costs in the October 3, 2013 order, as amended on October 23, 2013. Because this Court lacks jurisdiction over the remaining issues, we decline to address them.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Kurtis T. Wilder
/s/ Kirsten Frank Kelly