# STATE OF MICHIGAN

# COURT OF APPEALS

ANGELA SKINNER,

        Plaintiff-Appellant,

v

ESURANCE INSURANCE COMPANY,

        Defendant-Appellee.

UNPUBLISHED
February 18, 2016

No. 324376
Wayne Circuit Court
LC No. 13-003358-NF

Before: GLEICHER, P.J., and JANSEN and SHAPIRO, JJ.

PER CURIAM.

In this action under the no-fault act, plaintiff appeals as of right the trial court's order dismissing her case with prejudice for failing to attend a pretrial conference. We affirm.

On March 8, 2013, plaintiff brought suit alleging that defendant, as plaintiff's no-fault insurer, failed to pay proper benefits. On June 18, 2013, the trial court entered a scheduling order, which required that the parties be present at the settlement conference and provided that the failure to comply with the order may result in sanctions. The trial court had to extend scheduling deadlines on several occasions for plaintiff's failure to attend her deposition. Plaintiff also failed to attend the final pretrial conference on September 22, 2014, and the court ordered her to appear at the next scheduled final pretrial conference on September 24, 2014, or her case would be dismissed. When she failed to attend the September 24, 2014 pretrial conference, the trial court dismissed her case. On October 6, 2014, plaintiff filed a motion for reconsideration, positing that travel from her home in Nevada was costly and dismissal was too harsh of a sanction under the circumstances. The trial court denied that motion on October 8, 2014, and this appeal followed.

Plaintiff argues that the sanction of dismissal was too harsh under the circumstances and that this Court should reverse. We disagree.

"A trial court's decision to dismiss an action is reviewed for an abuse of discretion." *Donkers v Kovach*, 277 Mich App 366, 368; 745 NW2d 154 (2007). "An abuse of discretion occurs when the decision results in an outcome falling outside the range of principled outcomes." *Keinz v Keinz*, 290 Mich App 137, 141; 799 NW2d 576 (2010). "We review de novo questions concerning the proper interpretation and application of statutes, court rules, and rules of evidence." *Donkers*, 277 Mich App at 369.

-1-

Where the trial court "anticipates meaningful discussion of settlement," it may order a party to attend a conference in person. MCR 2.401(F)(1). MCR 2.401(G)(1) provides:

> Failure of a party or the party's attorney or other representative to attend a scheduled conference or to have information and authority adequate for responsible and effective participation in the conference for all purposes, including settlement, as directed by the court, may constitute a default to which MCR 2.603 is applicable or a ground for dismissal under MCR 2.504(B).

Pursuant to MCR 2.504(B), as cited in MCR 2.401(G)(1), "[i]f a party fails to comply with these rules or a court order, upon motion by an opposing party, or sua sponte, the court may enter a default against the noncomplying party or a dismissal of the noncomplying party's action or claims." MCR 2.504(B)(1). MCR 2.401(G)(2) adds:

> (2) The court shall excuse a failure to attend a conference or to participate as directed by the court, and shall enter a just order other than one of default or dismissal, if the court finds that
>
> (a) entry of an order of default or dismissal would cause manifest injustice; or
>
> (b) the failure was not due to the culpable negligence of the party or the party's attorney.

In *Vincencio v Ramirez*, 211 Mich App 501, 506-507; 536 NW2d 280 (1995), this Court held that "[d]ismissal is a drastic step that should be taken cautiously," and that "[o]ur legal system favors disposition of litigation on the merits." This Court further explained, "Before imposing such a sanction, the trial court is required to carefully evaluate all available options on the record and conclude that the sanction of dismissal is just and proper." *Id*. at 506. For guidance, the *Vincencio* Court provided a nonexhaustive list of factors to consider when deciding if dismissal is an appropriate sanction:

> (1) whether the violation was wilful or accidental; (2) the party's history of refusing to comply with previous court orders; (3) the prejudice to the opposing party; (4) whether there exists a history of deliberate delay; (5) the degree of compliance with other parts of the court's orders; (6) attempts to cure the defect; and (7) whether a lesser sanction would better serve the interests of justice. [*Id*. at 507.]

Although we acknowledge that the trial court did not specifically consider the factors outlined in *Vincencio* or other alternatives in the order of dismissal, we hold that because any other order would have been futile under the circumstances, the trial court did not abuse its discretion in dismissing the case pursuant to MCR 2.504(B)(1). Plaintiff exhibited blatant disregard for the orders of the trial court, avoiding deposition and refusing to attend the ordered pretrial conference. Further, plaintiff expressed no intent to alter her behavior, indicating simply that travel to Michigan from Nevada was not economically viable due to the nature of her case. In other words, plaintiff purposely missed the conference she was ordered to attend, made no attempt to remedy that error, and indicated no intention of following further orders of a similar

nature from the trial court. These facts clearly favor dismissal pursuant to the factors provided in *Vincencio*. See *Vincencio*, 211 Mich App at 507. We therefore hold that the trial court did not abuse its discretion in dismissing the case.

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Kathleen Jansen
/s/ Douglas B. Shapiro