# STATE OF MICHIGAN

# COURT OF APPEALS

RIVERTOWN DEVELOPMENT GROUP, LLC
and RIVERTOWN HOLDINGS, LLC,

UNPUBLISHED
September 14, 2017

Plaintiffs/Counter-Defendants,

and

THOMAS J. RYAN,

Intervening Plaintiff,

v

No. 330728
Wayne Circuit Court
LC No. 14-005496-CZ

WEST CONGRESS STREET PARTNERS, LLC,

Defendant/Counter-Plaintiff-
Appellee,

and

LAWRENCE R. WALKER, PC,

Petitioner-Appellant,

and

TODD PERKINS,[1]

Petitioner.

Before: O'BRIEN, P.J., and JANSEN and MURRAY, JJ.

PER CURIAM.

---

[1] Although Todd Perkins is a listed party, he had no part in the dispute in the trial court and has taken no part in this appeal.

Petitioner, Lawrence R. Walker, PC,[2] appeals as of right the trial court's order enforcing an attorney's charging lien in the amount of $18,889.62. We affirm.

On May 7, 2014, petitioner was retained as counsel for defendant, West Congress Street Partners, LLC, in what turned out to be a litigious landlord-tenant dispute with plaintiffs, Rivertown Development Group, LLC and Rivertown Holdings, LLC. In November 2014, petitioner's relationship with defendant deteriorated to the point that petitioner filed a motion to withdraw as defendant's counsel. However, the trial court denied the motion and petitioner continued representing defendant. Nonetheless, on January 29, 2015, a new attorney filed an appearance on behalf of defendant. Eventually, on March 11, 2015, the trial court entered an order permitting petitioner to withdraw as counsel for defendant. The order further provided:

> **IT IS FURTHER ORDERED** that [defendant], its attorneys, agents and assigns hereby acknowledge that [petitioner] claims an attorneys' charging lien for $35,094.14 as the amount of the outstanding balance of attorney fees and costs due and owing to [petitioner] for legal services rendered. The accuracy of said fees and costs may be later determined by the Court by separate motion.

On April 14, 2015, after petitioner withdrew as counsel, defendant's underlying lawsuit with plaintiffs was settled after both parties agreed to a case evaluation in the amount of $125,000 in favor of defendant.

On May 15, 2015, following resolution of the underlying matter, petitioner filed a motion to enforce the charging lien of $35,094.14 on the settlement proceeds. Defendant objected to the charging lien and requested that the trial court schedule an evidentiary hearing. At the conclusion of the two day evidentiary hearing, the trial court determined that petitioner was entitled to $18,889.62 on the charging lien. To reach this figure, the trial court first considered petitioner's billing statement, the parties' testimonies, and its knowledge of billing in general, and concluded that petitioner reasonably worked 167 hours on defendant's case. The trial court multiplied this number by $300 per hour, the agreed upon rate by the parties, and determined that petitioner was entitled to $50,100 in attorney fees (167 hours x $300/hour). Based on petitioner's billing statement, the trial court found that petitioner was entitled to an additional $2,833.62 for out-of-pocket expenses. It then deducted $34,044 for payments already made by defendant, resulting in $18,889.62 as the final amount owed on the charging lien. This appeal followed.

Petitioner raises two challenges to the trial court's decision to reduce the amount owed on petitioner's charging lien. Specifically, petitioner argues (1) that the trial court made a mathematical error when it found that defendant had made prior payments totaling $34,044.14, and (2) that the trial court abused its discretion by reducing the number of billable hours from 217 hours to 167 hours. We disagree. Although a client may discharge its attorney at any time,

---

[2] "Petitioner" will be used to refer to both attorney Lawrence Walker and his law firm, Lawrence R. Walker, PC.

or an attorney may withdraw for cause, the attorney remains entitled to payment for the services rendered before the separation. *Reynolds v Polen*, 222 Mich App 20, 27; 564 NW3d 467 (1997). Once discharged, the attorney may obtain a charging lien, which "is an equitable right to have the fees and costs due for services secured out of the judgment or recovery in a particular suit." *George v Sandor M Gelman, PC*, 201 Mich App 474, 476; 506 NW2d 583 (1993). This Court reviews a trial court's award of attorney fees and costs secured on a charging lien for an abuse of discretion. *Souden v Souden*, 303 Mich App 406, 414; 844 NW2d 151 (2013). "An abuse of discretion occurs when the decision results in an outcome falling outside the range of principled outcomes." *Keinz v Keinz*, 290 Mich App 137, 141; 799 NW2d 576 (2010).

During the evidentiary hearing, the trial court admitted petitioner's billing statement for services generated between May 12, 2014, and January 14, 2015. The first section of the billing statement listed the tasks petitioner performed, the hours worked on those tasks, and the resulting charge to defendant. At the end of the section, the totals showed that petitioner worked 217 hours and was owed $65,100 "[f]or professional services rendered." The statement then had a section labeled "Additional Charges," which apparently represented petitioner's expenses. The total at the end of that section showed $2,833.62. The last section of the billing statement was labeled "Account receivable transactions. This is the section that petitioner argues that the trial court incorrectly relied upon in making its calculation of attorney fees. The transactions in this section were organized in column formatting with the date, payment, and invoices listed in chronological order. At the bottom of the columns was the phrase "Total payments and adjustments," and it listed the amount as "$34,044.14." Petitioner contends that if the credit entries in this section are added up, the actual amount paid was $30,155, and the *amount due* was $34,044.14, and that the trial court abused its discretion by assuming that defendant paid $34,044.14.

However, petitioner fails to acknowledge that not only did the trial court assume that defendant paid this amount, but all of the parties at the evidentiary hearing agreed. Of note, when the trial court stated that it understood petitioner's argument to be that defendant had paid $34,000 on its bill but owed additional sums, petitioner responded that was "[c]orrect." This assumption that defendant paid roughly $34,000 was repeated throughout the evidentiary hearing, but petitioner never corrected the flawed assumption. "[E]rror requiring reversal may only be predicated on the trial court's actions and not upon alleged error to which the aggrieved party contributed by plan or negligence." *Lewis v LeGrow*, 258 Mich App 175, 210; 670 NW2d 675 (2003). The trial court's calculation of defendant's payments was based entirely on petitioner's billing statement. It was not the trial court's burden to check petitioner's math when petitioner's own documentation clearly stated that payments on the account totaled $34,044.14 and petitioner agreed that defendant paid $34,000. Because petitioner, whether through plan or negligence, contributed to the purported error, relief is not warranted.

Next, petitioner argues that the trial court abused its discretion when it reduced the number of compensable hours from 217 hours to 167 hours. "An attorney is entitled to recover fees for services rendered under the agreement, even if the agreement is later terminated," but the "fees must be reasonable." *Souden*, 303 Mich App at 415. When determining the reasonableness of attorney fees, "a trial court must begin its analysis by determining the reasonable hourly rate customarily charged in the locality for similar services." *Pirgu v United Services Auto Ass'n*, 499 Mich 269, 281; 884 NW2d 257 (2016). "The trial court must then

multiply that rate by the reasonable number of hours expended in the case to arrive at a baseline figure," and then adjust that figure based on factors not relevant to this appeal. *Id*. at 281-282.

Petitioner contends that the trial court abused its discretion by only crediting petitioner for 167 hours because that decision was allegedly based solely on the testimony of petitioner's former client. However, this argument is meritless. In making its determination, the trial court explicitly stated that its decision was based on the parties' testimony, petitioner's billing statement, and the court's knowledge of billing in general. Moreover, the trial court conducted a two day evidentiary hearing, during which it heard lengthy testimony from both parties and became familiar with the underlying litigation and the efforts expended by petitioner. After the hearing, the trial court was in the best position to determine the reasonable hours expended by petitioner, which it did. See *Reynolds*, 222 Mich App at 30 ("[A] trial court is in the best position to assess an attorney's contribution to a case because trial courts are aware of the strengths and weaknesses of cases before them, the time and effort expended by the attorneys, and changes in the parties' leverage resulting from changes in counsel (e.g., due to attorneys' skill or reputation)."). Contrary to petitioner's argument, the trial court did not abuse its discretion by not crediting petitioner with all of the hours listed in the billing statement. In *Smith v Khouri*, 481 Mich 519, 532 n 17; 751 NW2d 472, 493 (2008), the Michigan Supreme Court noted that, in determining the number of hours reasonably expended, trial courts should "exclude excessive, redundant or otherwise unnecessary hours regardless of the attorneys' skill, reputation or experience." (Citation and quotation marks omitted); see also *Van Elslander v Thomas Sebold & Assoc, Inc*, 297 Mich App 204, 239; 823 NW2d 843 (2012). Based on our review of the record, it is clear that the trial court did just that. Accordingly, the trial court's determination that petitioner reasonably expended 167 hours on defendant's case falls within "the range of principled outcomes." *Keinz* 290 Mich App at 141.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Kathleen Jansen
/s/ Christopher M. Murray

-4-