*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

AMY MURPHY,

        Plaintiff-Appellant/Cross-Appellee,

v

TRI-CITY TREATMENT CENTER, LLC,

        Defendant-Appellee/Cross-Appellant.

UNPUBLISHED
December 29, 2022

No. 359654
Saginaw Circuit Court
LC No. 20-043590-NZ

Before: PATEL, P.J., and CAMERON and LETICA, JJ.

PER CURIAM.

In this successor-liability action, plaintiff Amy Murphy appeals as of right the order granting summary disposition under MCR 2.116(C)(10) to defendant, Tri-City Treatment Center, LLC ("Tri-City"). In a cross-appeal, Tri-City appeals as of right the order denying its motion for sanctions. We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

This case arises in the context of an earlier lawsuit by Murphy against her former employer, EDM Treatment Center, LLC ("EDM"). Murphy eventually prevailed in the lawsuit, and the trial court in that case ordered EDM to pay $500,000 in damages. EDM was a counseling center that provided a variety of mental-health services to its clientele. Debbie Mathewson is a licensed social worker who worked at EDM as a substance abuse counselor.

In 2019, Mathewson became concerned about EDM's business practices. She decided to quit EDM and start her own business, Tri-City. EDM went out of business at about the same time as Tri-City opened for business. Like EDM, Tri-City offered clients a range of mental-health services. Many of the employees who previously worked at EDM were hired by Tri-City to perform the same or similar work. Some of EDM's clients continued therapy services at Tri-City. A sign hung on EDM's door directing clients to its "new location" at Tri-City.

Murphy filed this lawsuit against Tri-City in expectation of a favorable judgment in the EDM litigation. Her one-count complaint alleged Tri-City was the "alter-ego" of EDM and therefore liable for EDM's conduct. Tri-City moved for summary disposition under MCR

-1-

2.116(C)(10), disputing this theory. It also moved for sanctions against Murphy for filing a frivolous action. Murphy responded arguing Tri-City was liable under principles of successor liability. In reply, Tri-City contended that Murphy's complaint was premised on an alter-ego theory of liability and not successor liability. The trial court granted summary disposition, finding Murphy could not prevail under either theory—alter-ego or successor-liability. It also denied Tri-City's motion for sanctions. This appeal followed.

## II. SUCCESSOR LIABILITY

Murphy's argument on appeal is premised solely on her theory of successor liability. She argues the trial court erred in granting Tri-City's motion for summary disposition because there remained a genuine question of fact whether Tri-City was a "mere continuation" of EDM. We disagree.

### A. STANDARD OF REVIEW

This Court reviews de novo a trial court's grant or denial of summary disposition. *McDonald v Farm Bureau Ins Co*, 480 Mich 191, 196; 747 NW2d 811 (2008). "When ruling on a motion brought under MCR 2.116(C)(10), the court must consider the affidavits, pleadings, depositions, admissions, and other documentary evidence submitted by the parties in the light most favorable to the party opposing the motion." *The Cadle Co v City of Kentwood*, 285 Mich App 240, 247; 776 NW2d 145 (2009). "Summary disposition is appropriate only when the evidence fails to establish a genuine issue regarding any material fact." *Id*.

### B. LAW AND ANALYSIS

Corporations are recognized as separate entities and are generally not liable for the debts of their predecessors. Indeed, "if one corporation purchases the assets of another and pays a fair consideration therefor, no liability for the debts of the selling corporation exists in the absence of fraud or agreement to assume the debts." *Turner v Bituminous Cas Co*, 397 Mich 406, 418 n 3; 244 NW2d 873 (1976) (quotation marks and citations omitted). Even so, the theory of successor liability recognizes that there are some circumstances in which a successor corporation may be liable for the debts of its predecessor. The basic rule of successor liability:

> [E]xamines the nature of the transaction between predecessor and successor corporations. If the acquisition is accomplished by merger, with shares of stock serving as consideration, the successor generally assumes all its predecessor's liabilities. However, where the purchase is accomplished by an exchange of cash for assets, the successor is not liable for its predecessor's liabilities unless one of five narrow exceptions applies. [*Foster v Cone-Blanchard Machine Co*, 460 Mich 696, 702; 597 NW2d 506 (1999).]

These exceptions are:

> (1) where there is an express or implied assumption of liability; (2) where the transaction amounts to a consolidation or merger; (3) where the transaction was fraudulent; (4) where some of the elements of a purchase in good faith were lacking, or where the transfer was without consideration and the creditors of the transferor

were not provided for; or (5) where the transferee corporation was a mere continuation or reincarnation of the old corporation. [*Id.* (quotation marks and citation omitted).]

In other words, a successor is liable for their predecessor's debts where there is either (a) a merger, or (b) an exception to a cash-for-assets transaction. *Commonwealth Land Title Ins Co v Metro Title Corp*, 315 Mich App 312, 316; 890 NW2d 395 (2016).

Murphy does not allege a merger between EDM and Tri-City. Rather, Murphy's arguments rest on the fifth exception to a cash-for-assets transaction—that Tri-City was a mere continuation of EDM. To survive Tri-City's motion for summary disposition on this basis, Murphy needed to first present evidence that there was a cash-for-assets transaction. If Murphy made this showing, then she also needed to demonstrate evidence that Tri-City was a mere continuation of EDM.

The trial court granted Tri-City's motion for summary disposition, in part, because:

[A] transaction never occurred here. There's no evidence to indicate that Tri-City purchased anything of value from EDM.

\* \* \*

[T]he court considered the case law [sic] on this topic of successor liability, as well as alter ego liability, and would note that under any of the cases examining successor liability, [Murphy's] case fails as well. That's for the simple reason that no evidence has been introduced to show a sale, merger, de facto merger, or other transfer or purchase of assets occurred between EDM and Tri-City.

Murphy presented evidence to the trial court supporting her argument that Tri-City was a mere continuation of EDM. However, she offered no arguments or evidence that there was an exchange of cash for assets between EDM and Tri-City.[1] Again, a theory of successor liability on this basis *requires* a showing of an exchange of cash for assets. *Commonwealth Land Title Ins Co*, 315 Mich App at 316; see also *Lakeview Commons v Empower Yourself*, 290 Mich App 503, 507; 802 NW2d 712 (2010). Murphy's theory of successor liability was fundamentally flawed and it was irrelevant whether Murphy presented evidence that Tri-City was a mere continuation of EDM. Thus, there was no error in the grant of summary disposition to Tri-City.

---

[1] Murphy argues on appeal that Tri-City's use of the same software as EDM was evidence of a cash-for-assets transaction. Even accepting as true that Tri-City "took" the software from EDM, Murphy fails to prove the corollary—that Tri-City *paid* EDM for this asset. Moreover, this argument was not made in the trial court. Therefore, there is no error in the trial court's failure to consider it.

## III. SANCTIONS

Tri-City argues the trial court erred in denying its motion for sanctions without making any specific findings whether Murphy's counsel made reasonable inquiries into the allegations or whether the complaint was frivolous. We disagree.

## A. STANDARD OF REVIEW

"This Court reviews a trial court's decision regarding the imposition of a sanction for clear error." *Holton v Ward*, 303 Mich App 718, 734 n 20; 847 NW2d 1 (2014). A "decision is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been committed." *Id*. However, the trial court's decision as to the appropriate sanction is reviewed for an abuse of discretion. *Pirgu v US Auto Ass'n*, 499 Mich 269, 274; 884 NW2d 257 (2016). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Id*. A trial court also "abuses its discretion when it makes an error of law." *Id*.

We "review interpretation of court rules de novo and under the same principles that govern the construction of statutes." *Dawley v Hall*, 501 Mich 166, 169; 905 NW2d 863 (2018) (quotation marks and citation omitted). Court rules and statutes are "interpreted according to [their] plain language, giving each word and phrase its common, ordinary meaning." *Id*. (quotation marks and citation omitted).

## B. LAW AND ANALYSIS

"Awards of costs and attorney fees are recoverable only where specifically authorized by a statute, a court rule, or a recognized exception." *Keinz v Keinz*, 290 Mich App 137, 141; 799 NW2d 576 (2010) (quotation marks and citation omitted). Under MCR 1.109(E)(6), a court may impose sanctions such as attorney fees and expenses when a document is signed in violation of this court rule. MCR 1.109(E) states, in part:

> (5) Effect of Signature. The signature of a person filing a document, whether or not represented by an attorney, constitutes a certification by the signer that:
>
> (a) he or she has read the document;
>
> (b) to the best of his or her knowledge, information, and belief formed after reasonable inquiry, the document is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law; and
>
> (c) the document is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
>
> (6) Sanctions for Violation. If a document is signed in violation of this rule, the court, on the motion of a party or on its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the

-4-

reasonable expenses incurred because of the filing of the document, including reasonable attorney fees. The court may not assess punitive damages.

(7) Sanctions for Frivolous Claims and Defenses. In addition to sanctions under this rule, a party pleading a frivolous claim or defense is subject to costs as provided in MCR 2.625(A)(2). The court may not assess punitive damages.

Similarly, MCL 600.2591(1) states:

Upon motion of any party, if a court finds that a civil action or defense to a civil action was frivolous, the court that conducts the civil action shall award to the prevailing party the costs and fees incurred by that party in connection with the civil action by assessing the costs and fees against the nonprevailing party and their attorney.

An action may be deemed "frivolous" when it is "devoid of arguable legal merit." MCL 600.2591(3)(a)(*iii*).

Tri-City argues on appeal that the trial court erred because it denied the motion for sanctions "without making any findings as to whether [Murphy's] counsel conducted a reasonable inquiry as required by MCR 1.109(E)(5), or whether [Murphy's] complaint was frivolous as defined in MCL 600.2591." Tri-City asks this Court to reverse the denial of the motion for sanctions and remand the issue to the trial court for specific findings regarding this issue.

In the following exchange, Tri-City's attorney asked the trial court about its decision regarding sanctions:

[*Defendant's Counsel*]: Your Honor, for [the] sake of the record, am I understanding correctly that you're denying the request for sanctions, and I'll put that in the order?

The Court: I am.

The trial court also discussed the motion for sanctions in its order, concluding, "that [Tri-City's] request for sanctions pursuant to MCR 1.109(E)(6) is denied."

It is true the trial court did not make any specific on-the-record findings that Murphy's complaint was frivolous or that her counsel failed to make reasonable inquiries. But this does not necessarily mean that the trial court's decision was in violation of the court rules or statute. The trial court considered the motion for sanctions both during oral argument and in its final order. The plain language of the court rule and statute do not require a court to make any findings on the record—they only require a court to impose sanctions *if* a court finds a complaint was frivolous or an attorney failed to make reasonable inquiries. Here, the trial court's denial of the motion for sanctions means it concluded the complaint was not frivolous and that Murphy's attorney did not fail to make reasonable inquiries. Therefore, the trial court had no obligation to impose sanctions and its denial of sanctions was not a clear error.

Tri-City's reference to this Court's decision in *Kelsey v Lint*, 322 Mich App 364; 912 NW2d 862 (2017) is not persuasive. In *Kelsey*, this Court reversed a trial court's denial of sanctions and remanded the case to the trial court for specific findings regarding the issue. *Id*. at 381-382. We concluded the trial court made a clear error because the trial court relied on impermissible criteria to deny the plaintiff's motion for sanctions—specifically, that the defendant's attorney was a "gentleman" and that "his 'integrity' was not in question." *Id*. at 381. Unlike *Kelsey*, there is no evidence in this case that the trial court used impermissible criteria to deny Tri-City's motion for sanctions. Under the clear-error standard, this Court may only reverse the trial court's order where this Court "is left with a definite and firm conviction that a mistake has been committed." *Holton*, 303 Mich App at 734 n 20. On this record, we are not left with a definite and firm conviction that the trial court used impermissible criteria to deny Tri-City's motion for sanctions.

Affirmed.

/s/ Sima G. Patel
/s/ Thomas C. Cameron
/s/ Anica Letica