*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ALI SAADE,

                Plaintiff-Appellant,

v

BAYAN SHAHEEN,

                Defendant-Appellee.

UNPUBLISHED
December 08, 2025
2:43 PM

No. 373538
Macomb Circuit Court
LC No. 2022-011221-DM

Before: KOROBKIN, P.J., and MURRAY and MALDONADO, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order awarding defendant attorney fees for time spent opposing plaintiff's objection to the referee's recommendation that his request for a modification of parenting time be denied. For the reasons set forth in this opinion, we reverse the trial court's order awarding attorney fees.

## I. BACKGROUND

The parties consented to a June 1, 2023 judgment of divorce, under which they share joint legal custody of one minor child, with defendant having primary physical custody of the child. Plaintiff was awarded parenting time on an alternating schedule wherein he has the child from Friday evening to Monday morning one week, and from Monday evening to Tuesday morning the following week. Plaintiff was also required to provide transportation to and from all exchanges. The judgment also provided that the custody and parenting-time arrangements would be revisited when the child turned three years old, if permitted by the court.

In November 2023, plaintiff moved to modify parenting time under *Shade v Wright*, 291 Mich App 17; 805 NW2d 1 (2010). Instead of the overnight visits he was permitted each week in the judgment, plaintiff requested that the court award equal parenting time to the parties (182.5 overnights per party per year) and that the court recalculate the child support obligations based on equal overnight visits. Plaintiff argued that the change in parenting time was warranted because (1) he moved from Sterling Heights to Dearborn Heights so that he could be closer to the child and to his employment, and (2) the child was suffering from diaper rashes "to the extent that the child [was] often in pain when in the constant care of Defendant Mother." Defendant, in response,

alleged that plaintiff did not move to Dearborn Heights, and that the child's diaper rash was caused by sensitive skin, as confirmed by her pediatrician. Defendant requested that the trial court deny plaintiff's motion and maintain the visitation outlined in the judgment of divorce.

On November 27, 2023, the referee prepared a recommended order denying plaintiff's motion to modify parenting time, reasoning:

> The Referee makes a finding that there is an established custodial environment with the Defendant, and that if the Plaintiff had moved from Sterling Heights to Dearborn Heights, that move would not meet the threshold of a change of circumstance pursuant to Shade vs. Wright. Additionally, the Referee finds that the Defendant is seeking 182.5 overnights, which is in fact, the Plaintiff seeking a change of custody. The Referee finds that the Plaintiff's allegations, if true, would not meet the threshold of a change of circumstance pursuant to Vodvarka vs. Grasmeyer[, 259 Mich App 499; 675 NW2d 847 (2003),] and further, Plaintiff could not meet the threshold of clear and convincing evidence required to change custody.

The trial court adopted the referee's recommended order and later issued an order adopting the referee's recommendation over plaintiff's objection.

In September 2024, plaintiff again moved to modify his parenting time, and argued that the following changes warranted a modification of the parenting schedule: (1) plaintiff mostly worked from home at the time of the divorce but had since transitioned to an in-office position, (2) defendant previously had an in-office job, but her position was now fully remote, and (3) the parties agreed to remove the child from daycare. Given the alleged change of circumstances, plaintiff requested that his parenting time be extended from the traditional daycare drop-off time through the end of the traditional daycare pick-up time and that the parties be responsible for picking up the child at the beginning of their parenting time.

Defendant opposed the motion, arguing that the alleged change of circumstances did not meet the threshold for modifying parenting time. She also argued that, because this was plaintiff's second motion seeking to modify parenting time without proper cause, an award of attorney fees was warranted.

After a hearing on the motion, the referee again recommended denying plaintiff's requested changes to the parenting time outlined in the judgment because plaintiff had not met the threshold showing that a change of circumstances had taken place. The referee reserved an award of attorney fees. The trial court adopted the referee's recommendation on an interim basis. Plaintiff filed an objection to the referee's recommendation, again emphasizing the same change of circumstances that, in his view, warranted a change in the parenting-time arrangements.

The court held a hearing on plaintiff's objection to the referee's recommendation. At the hearing, the court agreed with defendant that the request to modify parenting time was premature in light of the provision in the judgment that provided for review of the parenting-time arrangements when the child turned three. The court also held that plaintiff's objection to the referee's recommendation was frivolous:

*The Court*:  These objections are somewhat frivolous, with all due respect.

[*Plaintiff's Counsel*]:  Your Honor –

*The Court*:  We've been here twice, okay.  I already told you once that the, that the change has to be based on the child's needs.  This is not a motion that's based on the child's needs, okay.

\* \* \*

[*Plaintiff's Counsel*]:  Your honor, I want to address the award first.  Okay.  He clearly hasn't justified a fee request under the court rule for the need or for disobeying a court order.  Okay.  So he hasn't met any of those burdens.

Your Honor has indicated the objection appears to be frivolous.  I don't think it's frivolous.  I think it's well-grounded in fact.  The allegations –

*The Court*:  Maybe in fact, but at what point, listen, we just did a motion for a change.  I indicated that I'm not changing anything because it's not the child that's changing, it's the dad, so it's literally, I mean five minutes after the judgment was entered.  And now I have another motion relative to the same argument, and for pickup/dropoff and I denied it in the, I mean I don't know how many times we have to do this argument. . . .

Following the hearing, the court entered an order denying plaintiff's objection to the referee's recommendation and awarding defendant attorney fees of $750.  The court subsequently denied plaintiff's motion for reconsideration.

## II.  STANDARD OF REVIEW

"This Court reviews a trial court's ruling on a motion for costs and attorney fees for an abuse of discretion."  *Keinz v Keinz*, 290 Mich App 137, 141; 799 NW2d 576 (2010).  A trial court abuses its discretion when "the result falls outside the range of principled outcomes."  *Cassidy v Cassidy*, 318 Mich App 463, 479; 899 NW2d 65 (2017) (quotation marks and citation omitted).  We review the trial court's findings of fact that form the basis of an award of attorney fees for clear error.  *Id*.  This includes the trial court's finding that a motion is frivolous.  *Kitchen v Kitchen*, 465 Mich 654, 661; 641 NW2d 245 (2002).  "A decision is clearly erroneous where, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made."  *Id*. at 661-662.

## III.  ANALYSIS

Plaintiff argues that the trial court erred in holding that his second motion to modify parenting time and his objection to the referee's recommendation denying this motion were frivolous.

"Awards of costs and attorney fees are recoverable only where specifically authorized by a statute, a court rule, or a recognized exception."  *Keinz*, 290 Mich App at 141 (quotation marks

and citation omitted). MCR 3.215, which allows family court referees to hear certain types of motions in domestic relations cases, is one such court rule. *Kostreva v Kostreva*, 337 Mich App 648, 675; 976 NW2d 889 (2021). Specifically, after a referee hears a motion and makes a recommendation as to its disposition, MCR 3.215(E)(4) permits a party to file a written objection to a referee's recommended order within 21 days of being served with the order. However, "[i]f the court determines that an objection is frivolous or has been interposed for the purpose of delay, the court may assess reasonable costs and attorney fees." MCR 3.215(F)(3). A party's position is frivolous if "(1) the party's primary purpose was to harass, embarrass, or injure the prevailing party, or (2) the party had no reasonable basis upon which to believe the underlying facts were true, or (3) the party's position was devoid of arguable legal merit." *Kostreva*, 337 Mich App at 675 (quotation marks and citation omitted).

At the hearing on plaintiff's objection to the referee's recommendation, defendant argued that plaintiff's motion to modify parenting time and objection to the referee's recommendation were frivolous because they were intended to harass defendant, and plaintiff's position was devoid of arguable legal merit.[1] The trial court agreed that the objection was frivolous, but it did not specify the reasoning for this determination.

## A. PLAINTIFF'S OBJECTION DID NOT ESTABLISH AN INTENT TO HARASS

First, defendant argued that plaintiff was exhaustively litigating the case for the improper purpose of harassing her, stating that "[t]his is a situation where . . . father keeps harassing mom, keeps taking mom to court." The trial court agreed that the objection was frivolous, but it did not specify the basis for this conclusion. The court noted, in part:

> And again, the judgment prescribes a review date that is in six months, so that's part of the reason why this is frivolous. Because not only have two motions been filed, and I indicated the basis, that the first motion was filed was not appropriate and it was re-filed. And then my Referee said this is not going to work, and said attorney fees should be reserved and the objections were filed. So that is frivolous in my opinion.

> \* \* \*

> You shouldn't have, I can't, you can't, I can't undo a judgment because you have buyer's remorse for it and it's just not convenient. But in six months we can change it, right? You guys can look at the, everything, you can talk about it and you can figure it out. But instead of abiding by that I have two motions within

---

[1] As to the second basis for finding a motion frivolous, plaintiff argues that the trial court conceded that his objection was "well grounded in fact" in an exchange on the record. It does appear that the trial court agreed that the objection was well-grounded in fact. Additionally, the trial court did not indicate on the record that plaintiff "had no reasonable basis upon which to believe the underlying facts were true," so we decline to evaluate whether the trial court erred by holding that plaintiff's objection was frivolous under that standard. *Kostreva*, 337 Mich App at 675 (quotation marks and citation omitted).

a relatively quick period of time and that's not fair. She's got to pay attorney fees, too.

Plaintiff did file his objection to the referee's recommendation in October 2024, less than six months from the time the parties were scheduled to review the custody and parenting-time arrangements when the child turned three in February 2025. Furthermore, this was the second time defendant was forced to respond to plaintiff's request for a change in parenting time in the preceding twelve months: (1) defendant filed a response to plaintiff's first motion to modify parenting time in November 2023, and (2) defendant filed a response to plaintiff's second motion to modify parenting time in September 2024, including filing responses to plaintiff's objections to both of the referee's recommendations.

However, even though the trial court determined that plaintiff was attempting to relitigate parenting time "literally, I mean five minutes after the judgment was entered," it did not conclude that he was doing so with an intent to harass, embarrass, or injure. Indeed, the record does not indicate that plaintiff's motion or objection were filed for the improper purpose of harassment rather than a legitimate attempt to obtain the relief sought, i.e., a modification to his scheduled parenting time that would permit him to spend more time with his child. Accordingly, because the trial court did not articulate any findings of fact that would support a conclusion that plaintiff's motion was filed with the improper purpose of harassment, to the extent that the award of attorney fees was made on this basis, it was an error.

## B. PLAINTIFF'S OBJECTION WAS NOT DEVOID OF AN ARGUABLE LEGAL BASIS

Again, although the trial court found that plaintiff's objection was frivolous, the record does not clearly indicate why it made that determination. Some of the court's statements indicate that it found that plaintiff's objection lacked at least an arguable legal basis for relief: "We've been here twice, okay. I already told you once that the, that the change has to be based on the child's needs. This is not a motion that's based on the child's needs, okay."

In plaintiff's objection, he argued that there were several changes of circumstance that warranted a modification in his parenting time, including (1) changes to the parties' in-office work arrangements, (2) the removal of the child from daycare, and (3) plaintiff's move to be closer to the child. Under MCL 722.27(1)(c), a court may modify or amend its prior judgments regarding parenting time "for proper cause shown or because of change of circumstances until the child reaches 18 years of age . . . ." MCL 722.27(1)(c). See also *Shade*, 291 Mich App at 23. If that threshold determination is met, the party must also demonstrate that the modification is in the minor child's best interests. See MCL 722.27(1)(c) and MCL 722.27a(1). If the proposed modification does not change the custodial environment, "the burden is on the parent proposing the change to establish, by a preponderance of the evidence, that the change is in the child's best interests." *Shade*, 291 Mich App at 23.

When the proposed modification relates to parenting time but not the child's custodial arrangements, the change of circumstances that would justify a modification includes "very normal life change[s]" that would be insufficient to justify a change in the child's custodial environment. *Id*. at 30. "Whereas the primary concern in child custody determinations is the stability of the child's environment and avoidance of unwarranted and disruptive custody changes, the focus of

parenting time is to foster a strong relationship between the child and the child's parents." *Id*. at 28-29.

This Court has previously held that a significant change to a parent's commute to and from visits with a minor child "constituted proper cause or a change in circumstances that was sufficient to justify the trial court's modification of parenting time." *Rains v Rains*, 301 Mich App 313, 342; 836 NW2d 709 (2013). Additionally, this Court has also acknowledged that a change in school enrollment "might require minor modifications to [a party's] parenting time schedule." *Pierron v Pierron*, 282 Mich App 222, 249; 765 NW2d 345 (2009), aff'd 486 Mich 81; 782 NW2d 480 (2010). Accordingly, plaintiff's objection to the referee's conclusion that he had not demonstrated a change of circumstances that would warrant a minor adjustment to his parenting time even though (1) he moved closer to the child, (2) his in-office work schedule changed, and (3) the child was no longer in daycare, was not so clearly devoid of legal merit that it rendered the objection frivolous. The mere fact that the trial court ultimately adopted the referee's recommendation over plaintiff's objection does not, in and of itself, render the objection frivolous.

The trial court stated at the hearing that it believed the motion to modify was premature because the judgment of divorce provided that the parties would review custody and parenting time when the child turned three. However, the judgment of divorce simply provides that "the parties agree that the child turning age 3 years shall constitute the requisite change in circumstances necessary to revisit the custody and parenting time, if the Court so permits." In other words, the parties agreed that the child turning three would constitute a change of circumstances, but the parties did not agree that it would be *the only* change of circumstances that would permit the parties to revisit their parenting-time arrangements. The parties were still free to argue prior to the child turning three that their circumstances had changed and a corresponding change in parenting time was warranted.

Additionally, the trial court's statements at the hearing indicate that the court believed the relief requested in plaintiff's second motion for a modification of parenting time was the same as his first motion. However, plaintiff's first motion essentially asked for an overhaul of the parenting-time arrangements outlined in the judgment of divorce, which the referee concluded would amount to a change in custody and require plaintiff to meet a higher burden of proof than a mere adjustment to his parenting-time arrangements. In plaintiff's second motion for a modification, his request was limited to extending his parenting time on his drop-off day because the child was no longer in daycare, and changing the pick-up and drop-off transportation. Unlike the first motion, the referee did not conclude that this amounted to a change in the custodial environment. Consequently, contrary to the trial court's observation at the hearing, the more modest request made by plaintiff in his second motion was not identical to his first motion for a modification.

We reverse the trial court's order awarding attorney fees.

/s/ Daniel S. Korobkin
/s/ Christopher M. Murray
/s/ Allie Greenleaf Maldonado

-6-